PEARCE v. PENNSYLVANIA R. CO. et al.

No. 9183.

Circuit Court of Appeals, Third Circuit.

Argued Nov. 18, 1946.

Decided May 16, 1947.

Donald J. Farage, of Philadelphia, Pa. (Donald B. Adams, B. Nathaniel Richter, and Richter, Lord & Farage, all of Philadelphia, Pa., on the brief), for appellant.

W. Wilson White, of Philadelphia, Pa. (White & Williams, of Philadelphia, Pa., on the brief), for appellee.

Before GOODRICH and KALODNER, Circuit Judges, and MADDEN, District Judge.

MADDEN, District Judge.

This is an appeal from an order of the District Court, 7 F.R.D. 420, dismissing the complaint filed herein as to the defendant, Esther Hofkin, individually and trading as Penn Galvanizing Company, for lack of jurisdiction as to the named defendant.

The complaint alleges that the plaintiff, George I. Pearce, is a citizen of Philadelphia, Pennsylvania; that the defendant, Pennsylvania Railroad, is a corporation of the Commonwealth of Pennsylvania, and that Esther Hofkin is engaged in business at 2201 E. Tioga Street, in the City and County of Philadelphia and State of Pennsylvania.[1]

The complaint then alleges a cause of action substantially as follows:

That the plaintiff, Pearce, was an employee of the defendant, Pennsylvania Railroad, a common carrier engaged in interstate commerce. That the defendant, Hofkin, owns and operates a building at 2201 E. Tioga Street, Philadelphia, Pennsylvania and is in business at that location. That on July 12, 1945, the plaintiff was engaged in a shifting operation of a train of the defendant, Pennsylvania Railroad Company, on a railroad siding leading into the plant owned by the defendant, Hofkin. Due to an unsafe condition of a walkway beside the track, plaintiff lost his balance and fell to the ground, suffering certain injuries. The complaint alleges that these injuries were caused by the defendants' negligence.

The action against the defendant, Pennsylvania Railroad, is based upon its negligent failure to provide a safe place to work for its employees and the action against the defendant, Hofkin, is based upon alleged negligent violation, of the common law duty, to provide a reasonably safe place for its invitees.

The paragraph of the complaint alleging jurisdiction in the Federal District Court is as follows:

"This action arises under the Act of Congress, April 22, 1908, C. 149, 35 Stat. 65 and amendments thereto, U.S.C.A. Title 45, § 51 et seq., and further amended by the Act of Congress approved by the President of the United States on August 11, 1939, Chapter 685—1st Session of the Congress, known and cited as 'The Federal Employers' Liability Act,' and under the Safety Appliance Acts, Title 45 U.S.C.A. §§ 1–23 inclusive, *and under the Common law of Pennsylvania.*" (Italics ours).

It, therefore, appears, and the lower Court held, that the complaint alleges alternative causes of action against the two defendants, in an effort to recover against either or both defendants in accordance with the facts, as they may develop at the trial, against the defendant, Pennsylvania Railroad, under the Federal Employers' Liability Act [2] and the Safety Appliance Act [3] and against the defendant, Hofkin, under the common law of Pennsylvania.

It was conceded by plaintiff-appellant that in a separate suit against the defendant, Hofkin, the lower Court would have been without jurisdiction because of the lack of diversity of citizenship between the parties, but it is argued by plaintiff by joinder of this common law action with the action wherein the Court did have jurisdiction over a different defendant, it gives jurisdiction to the Court. Counsel urges three points in support of his contention. First, that a Federal Court having acquired jurisdiction, by reason of a substantial Federal question involved, has the right to decide all the questions in the case, even though it decided the Federal question adversely to the party raising them; second, that the suit against Hofkin is ancillary to the suit against the railroad and,

---

[1] The complaint does not allege that the defendant, Esther Hofkin, is a citizen of Pennsylvania, but at the argument in the Court below and also before this Court the appellant's attorney conceded that Esther Hofkin was a citizen of Pennsylvania.

[2] Act of April 22, 1908, c. 149, § 1,

35 Stat. 65, as last amended Aug. 11, 1939, c. 685, § 1, 53 Stat. 1404, 45 U.S.C.A. § 51.

[3] Act of Mar. 2, 1893, c. 196, § 1 et seq., 27 Stat. 531, March 2, 1903, 32 Stat. 943, April 14, 1910, 36 Stat. 298, May 30, 1908, 35 Stat. 476, Feb. 17, 1911, 36 Stat. 913, 45 U.S.C.A. §§ 1–23.

therefore, jurisdiction should be retained; and third, that the defendant, Pennsylvania Railroad, would have the right to bring in the defendant, Hofkin, as a party defendant in a third party action and, therefore, all that he, the plaintiff, has done is to prevent a circuity of action by bringing the one complaint against both defendants.

■ Taking the points up in order it is true, as a general rule, that a Federal Court having acquired jurisdiction by reason of a substantial Federal question involved, has the right to decide all questions in the case, even though it decided the Federal question adversely to the party raising them or even if it omitted to decide them at all, but decided the case on local or state issues only. Siler v. Louisville & Nashville RR Co., 213 U.S. 175, 191, 29 S.Ct. 451, 53 L.Ed. 753. But it is likewise true that the rule has been limited by the Supreme Court in Hurn, et al v. Oursler, et al, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148 where Mr. Justice Sutherland, speaking for the court, said at pages 245 and 246 of 289 U.S., at page 589 of 53 S.Ct.:

"But the rule does not go so far as to permit a federal court to assume jurisdiction of a separate and distinct nonfederal cause of action because it is joined in the same complaint with a federal cause of action. The distinction to be observed is between a case where two distinct grounds in support of a single cause of action are alleged, one only of which presents a federal question, and a case where two separate and distinct causes of action are alleged, one only of which is federal in character. In the former, where the federal question averred is not plainly wanting in substance, the federal court, even though the federal ground be not established, may nevertheless retain and dispose of the case upon the nonfederal ground; in the latter it may not do so upon the nonfederal cause of action."

■ It is the opinion of the Court that the present case is clearly in the latter class as defined by the Supreme Court in the Hurn opinion, supra. There is here the joinder of a federal cause of action with a non-federal cause of action; the federal cause of action being the action against the railroad under the Federal Employers' Liability Act and the Safety Appliance Act, the Court having jurisdiction, and the non-federal cause of action being the action against Hofkin under the common law of Pennsylvania, the Court being without jurisdiction. It is the opinion of the Court that this argument does not establish jurisdiction in this matter in the District Court.

■ Taking up the next argument of appellant, it is that the action against Hofkin is ancillary to the action against the railroad and, therefore the Court may retain jurisdiction. A close examination of the complaint in question disposes of this contention. As drawn, the complaint would bring into issue three separate and distinct measures of liability between the plaintiff and the two defendants. Under the Safety Appliance Act, supra, if the plaintiff showed any failure to meet the requirements of the Act on the part of the defendant, Pennsylvania Railroad, plaintiff's right to recover would be absolute. Under the Federal Employers' Liability Act, if the plaintiff showed negligence on the part of the railroad he would be entitled to recover damages, but the defendant, Pennsylvania Railroad, would be entitled to offset such damages by any contributory negligence it could show on the part of the plaintiff and have the damages pro rated; while in the action against Hofkin, under the common law of Pennsylvania, if the defendant, Hofkin, could show any contributory negligence on the part of the plaintiff, such contributory negligence, no matter how much, would constitute a bar to a recovery on the part of the plaintiff against Hofkin.

Accordingly we are of the opinion that the complaint does not plead an ancillary cause of action against the defendant, Hofkin, but definitely alleges a separate and distinct cause of action against the separate defendants and, therefore, upon appellant's second argument, jurisdiction must fail.

We now come to the third and last argument proposed by appellant, namely, that the defendant, Pennsylvania Railroad, would have the right to bring in the de-

fendant, Hofkin, as a party defendant in a third party action and, therefore, all the pleader did is to prevent a circuity of action by bringing in the defendant, Hofkin, in his complaint.

In support of this contention, the plaintiff-appellant has produced an agreement in existence between the defendant, Pennsylvania Railroad, and the defendant, Hofkin, covering the siding in question. Such agreement provides, among other things, as follows (paragraph 8. Liability):

"The Industry (Hofkin) also agrees to indemnify and hold harmless the Railroad Company for loss, damage or injury from any act or omission of the Industry, its employees, or agents, to the person or property of the parties hereto and their employees, and to the person or property of any other person or corporation, while on or about said side track; and if any claim or liability, other than from fire, caused by locomotives as aforesaid shall arise from the joint or concurring negligence of both parties hereto it shall be borne by them equally."

In furtherance of this argument plaintiff cites Rule 14(a) of the Rules of Civil Procedure.[4] Rule 14(a) provides:

"* * * a defendant may move * * * for leave as a third party plaintiff to serve a summons and complaint upon a person not a party to the action who is or may be liable to him or to the plaintiff for all or part of the plaintiff's claim against him. * * * The plaintiff may amend his pleadings to assert against the third-party defendant any claim which the plaintiff might have asserted against the third-party defendant had he been joined originally as a defendant * * *."

But Rule 14 must be read in the light of Rule 82 which limits the effect of the Rules as to jurisdiction as follows:

"These rules shall not be construed to extend or limit the jurisdiction of the district courts of the United States or the venue of actions therein."

And speaking of the Civil Rules, Holtzoff in his work "Holtzoff's New Fed-

eral Procedure and the Courts," said at page 59:

"In view of the limitations on the jurisdiction of the Federal Courts, a claim for which Federal jurisdiction is lacking may not be joined with one of which the Federal Court has cognizance."

As to the statute [5] establishing Federal jurisdiction in suits for torts, Chief Justice Marshall, in Strawbridge v. Curtiss, 3 Cranch 267, 7 U.S. 267, 2 L.Ed. 435, said:

"The court understands these expressions to mean, that each distinct interest should be represented by persons, all of whom are entitled to sue, or may be sued in the federal courts. That is, that where the interest is joint, each of the persons concerned in that interest must be competent to sue or liable to be sued, in those courts."

And more recently (1942) Mr. Justice Frankfurter in Thomson v. Gaskill, 315 U.S. 442, at page 446, 62 S.Ct. 673, 675, 86 L.Ed. 951 said:

"The policy of the statute conferring diversity jurisdiction upon the district courts calls for its strict construction."

This view has been maintained uniformly and Judge Thompson speaking for this circuit (1934), in the case of Osthaus v. Button, 3 Cir., 70 F.2d 392, said at page 394:

"Since the plaintiffs in the instant case cannot directly initiate suit against the additional defendant in a federal court because there is no diversity of citizenship shown, they cannot indirectly pursue such an action."

These cases clearly illustrate that plaintiff could not have instituted suit against defendant, Hofkin, prior to the adoption of the Civil Rules, and the Rules themselves (Rule 82) give the plaintiff no greater rights on the question of jurisdiction than existed prior to their adoption. Likewise, Rule 14 gives the sole right to the defendant or defendants to make the original election of bringing in additional defendants in a third party action, and plaintiff may not use that Rule in an attempt

---

[4] Title 28 U.S.C.A. following section 723c.

[5] Judiciary Act, Title 28 U.S.C.A. § 41 (41).

to maintain an action against a defendant over whom the Court would have had no jurisdiction prior to the adoption of Rule 14.

It is, therefore, the opinion of this Court that the last argument to sustain jurisdiction fails and that the action of the District Court dismissing the complaint as to the defendant, Hofkin, because of lack of jurisdiction, should be affirmed.