Robert W. ANDERSON
v.
UNITED STATES and Norfolk Dredging
Company.
Civ. A. No. 31849.

United States District Court
E. D. Pennsylvania.
May 28, 1963.

Harold E. Kohn, Philadelphia, Pa., for plaintiff.

Krusen, Evans & Byrne, John J. Guilfoyle, Jr., Philadelphia, Pa., Baird, Crenshaw & Ware, Norfolk, Va., of counsel, for Norfolk Dredging Co.

Drew J. T. O'Keefe, U. S. Atty., Joseph R. Ritchie, Jr., Asst. U. S. Atty., Philadelphia, Pa., for the United States.

KRAFT, District Judge.

Plaintiff brought this action against Norfolk Dredging Company (Norfolk) and the United States for damages for injury to plaintiff's land allegedly caused by defendants' dredging operations.

Before us now are defendants' motions to dismiss, the motion of the United States to strike the affidavit of plaintiff's counsel and plaintiff's motion for summary judgment on the issue of liability.

■ In support of its motion to dismiss, the Government contends that the complaint, in violation of F.R.Civ.P. 8(a)(1), fails to set forth a short and plain statement of the grounds upon which the Court's jurisdiction depends.

Briefly, the complaint alleges that plaintiff, a resident of this District, is the owner of a tract of land in Maryland; that in or about the month of August 1961, defendants, without plaintiff's consent or permission, knowingly caused the excavation of a trench, the construction of a dike and the deposit to a depth of eight feet of mud, silt, etc., on plaintiff's land during the performance of dredging

operations; that defendants' conduct resulted in damage to the plaintiff's land.

We think these allegations establish jurisdiction under the Federal Tort Claims Act, 28 U.S.C. § 1346, and constitute sufficient compliance with Rule 8(a) (1).

■ Norfolk's motion to dismiss alleges, inter alia, that the complaint fails to set forth any basis of jurisdiction. We think there is merit in this contention. So far as we are advised, plaintiff's claim in this civil action against Norfolk does not arise under any provision of Federal law. To the contrary, plaintiff clearly alleges that this is an ordinary tort action in which the local law is determinative of both the rights of the plaintiff and the liability of the defendants. However, the complaint alleges neither diversity of citizenship nor the requisite jurisdictional amount. 28 U.S.C. § 1332.

Plaintiff relies upon Rules 19 and 20 of the Federal Rules of Civil Procedure relating, respectively, to necessary and permissive joinder of parties; but Rule 82 precludes any construction of these rules which would extend this Court's jurisdiction. Rules 19 and 20, properly construed, necessarily presuppose the existence of jurisdiction. Speaking to this very point, the Court, in Sullivan v. United States, 120 F.Supp. 217 (N.D. Ill.E.D.1954) stated:

"It is clear that the government's first motion, asking that Thomas be dismissed as a defendant, should be granted. Even if Federal Rule 20, 28 U.S.C.A., which governs joinder of parties defendant, were operative in suits brought under the Tort Claims Act, as the decision in United States v. Yellow Cab Co., 340 U.S. 543, 71 S.Ct. 399, 95 L.Ed. 523, seems to indicate, a plaintiff must allege independent jurisdictional grounds to support his claim against a private tort-feasor. In the instant case, Sullivan has failed to allege such independent jurisdictional grounds, and therefore, Thomas may not be joined as a defendant."

That this is the generally accepted rule may be seen from the brief discussion of the point (citing cases) in Moore's Federal Practice (2d Ed.), Vol. 3, pp. 2738–2739:

"Aside from the problem of joinder presented by the doctrine of sovereign immunity, there is the further problem of federal jurisdiction over plaintiff's tort claim against the individual defendant or defendants. This claim can hardly be said to present a federal matter merely because the United States is a joint tort-feasor and hence it must be supported by independent jurisdictional grounds, usually diversity or alienage between the plaintiff and the individual defendant or defendants and more than $3,000 must be involved." (Now, of course, $10,000.)

In Wasserman v. Perugini, 173 F.2d 305 (2d Cir.1949), the Court dismissed the complaint, for lack of jurisdiction, against the individual defendants, the owners or operators of a taxicab involved in a collision with a mail truck, where diversity was wanting between plaintiffs and the individual defendants. The Court held that plaintiffs' claim against the individual defendants was not ancillary to their action against the United States (p. 306):

"As to the failure of jurisdiction because of lack of diverse citizenship between the plaintiffs and the individual defendants, the case clearly falls within our decision in Friend v. Middle Atlantic Transp. Co., 2 Cir., 153 F.2d 778, certiorari denied Friend v. Friend, 328 U.S. 865, 66 S.Ct. 1370, 90 L.Ed. 1635, unless the claim of the plaintiffs against the individual defendants be excepted from the ordinary rule on the ground that it is ancillary to the action between the plaintiffs and the United States. But the mere assertion of a claim by the plaintiffs against the United States is insufficient to create jurisdiction over a separate claim against the individual defendants where there is no diverse citizen-

ship as between the plaintiffs and those individuals. In Pearce v. Pennsylvania R. Co., 3 Cir., 162 F.2d 524, certiorari denied 332 U.S. 765, 68 S.Ct. 71 [92 L.Ed. 350] the same contention was made and rejected by the Third Circuit with respect to a claim against the Pennsylvania Railroad under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., and a common law claim to recover for negligence against another defendant, who was a citizen of the same state as the plaintiff."

We conclude, therefore, that the complaint, as against Norfolk, must be dismissed, without prejudice, unless plaintiff, by amendment, can assert requisite jurisdictional facts.

██ ██ Turning to the plaintiff's motion for summary judgment on the issue of liability, as it relates to the Government, we have carefully examined the plaintiff's interrogatories and supplementary interrogatories and the answers thereto, together with the affidavits and other relevant parts of the record. We fully agree with the plaintiff that there has been wholly unjustified delay in these proceedings, and that the plain and simple factual issue here presented have been unnecessarily obscured and complicated. However, we cannot say that the record discloses no genuine issue as to any material fact. We must look at the record in the light most favorable to the Government, the party opposing the motion. Poller v. Columbia Broadcasting System, 368 U.S. 464, 473, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962). Plaintiff's motion for summary judgment will, therefore, be denied.

Our disposition of the preceding motion renders academic the Government's motion to strike the affidavit of plaintiff's counsel, and, accordingly, it will be denied. We note, in passing, however, that we agree with the statement of plaintiff's counsel that it "was not intended to establish basic facts as to which the deponent has personal knowledge, but merely to call conveniently to the attention of the Court those portions of the

record and the admission of counsel for defendant which indicated that on the record there was no genuine issue."

## ORDER

Now it is ordered and decreed that:

1. The motion of the United States to dismiss the complaint be, and it is, denied.

2. The motion of Norfolk Dredging Company to dismiss the complaint will be granted, and the complaint against Norfolk Dredging Company will be dismissed, without prejudice, unless plaintiff shall, within 20 days, file and serve an amended complaint alleging requisite jurisdictional facts.

3. Plaintiff's motion for summary judgment on the issue of liability be, and it is, denied.

4. The motion of the United States to strike the affidavit of plaintiff's counsel be, and it is, denied.