James G. GAUTREAU, Plaintiff,

v.

CENTRAL GULF STEAMSHIP CORPORATION and Alcoa Steamship Company, Inc., Defendants.

Civ. A. No. 16119.

United States District Court
E. D. Louisiana,
New Orleans Division.

June 21, 1966.

---

Edgar N. Quillin, Arabi, La., for plaintiff.

Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Donald L. King, L. Howard McCurdy, Jr., New Orleans, La., for Central Gulf S.S. Corp.

Terriberry, Rault, Carroll, Yancey & Farrell, Walter Carroll, Jr., New Orleans, La., for Alcoa S.S. Co. Inc.

Chaffe, McCall, Phillips, Burke, Toler & Hopkins, Leon Sarpy, New Orleans, La., for Oceanic Ore Carriers, Inc.

AINSWORTH, District Judge:

This matter is before us on alternative motions to dismiss and for summary judgment. It arises out of an injury suffered by plaintiff, James G. Gautreau, when he allegedly slipped and fell on a dock owned or operated by defendant, Central Gulf Steamship Corporation, the mover herein. Plaintiff has also asserted a cause of action against another defendant, Oceanic Ore Carriers, Inc., under the Jones Act, 46 U.S.C.A. § 688.

■ The pertinent issue is whether or not we have jurisdiction over plaintiff's claim against Central Gulf Steamship Corporation. Defendant's motion is predicated on absence of diversity between it and plaintiff. Admittedly, plaintiff is a citizen of Louisiana. Defendant, a foreign corporation, for the purpose of determining jurisdiction, is deemed to be a citizen of this State by virtue of having its principal place of business in Louisiana. 28 U.S.C.A. § 1332(c). Plaintiff has attempted[1] but failed to controvert the sworn affidavit of defendant's Treasurer, in which the following statements are recited: That Central Gulf Steamship Corporation is a Delaware corporation with its principal place of business in New Orleans, Louisiana; that it employs approximately sixty people in New Orleans; that the majority of its executives maintain their offices in New Orleans; that the majority of over-all management and major business policy decisions are prescribed from the New Orleans office; that almost all phases of its operations are conducted in the New Orleans office; that the corporation files its U.S. Internal Revenue tax returns in New Orleans and that it pays Louisiana franchise and other taxes; that the Board of Directors' meetings are regularly held in New Orleans; and that accounting and other records of the corporation are maintained in New Orleans.

■ The activities of the corporation enumerated in the affidavit are sufficiently determinative of the fact that defendant corporation has its principal place of business in Louisiana and is therefore a citizen of Louisiana under the provisions of 28 U.S.C.A. § 1332.

Absent diversity of citizenship between plaintiff and Central, the Court lacks jurisdiction over Central unless under the circumstances of this case we are vested with "pendent jurisdiction" as enunciated by the United States Supreme Court in Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148 (1933), and recently "expanded"[2] in United Mine Workers of

---

1. Plaintiff secured a letter from the Secretary of State of Louisiana showing that Central Gulf Steamship Corporation has filed no charter or qualified to do business in Louisiana, conditions precedent for a foreign corporation's authority to do business here. La.R.S. 12:202. The failure of defendant to file certain documents with the Louisiana Secretary of State does not refute the conclusion we have drawn from the facts in defendant's affidavit.

2. The United States Supreme Court in Gibbs said: " * * * because the Hurn question involves issues of jurisdiction as well as convenience, there has been some tendency to limit its application to cases in which the state and federal claims

America v. Gibbs, cited in the advance sheets of the United States Supreme Court Reports, 383 U.S. 715, 86 S.Ct. 1130, Lawyers' Edition, 16 L.Ed.2d 218 (1966).

The plaintiff in *Hurn* sought an injunction for infringement of a copyrighted play pursuant to the copyright laws of the United States. Additionally, he asserted a common-law claim for damages for unfair competition against the same defendant. Plaintiff and defendant were citizens of the same state. Mr. Justice Sutherland, speaking for the Court, upheld the jurisdiction of the Court to entertain both the federal and nonfederal issues on the theory of pendent jurisdiction. In defining the doctrine, however, he stated:

"But the rule does not go so far as to permit a federal court to assume jurisdiction of a separate and distinct nonfederal cause of action because it is joined in the same complaint with a federal cause of action. The distinction to be observed is between a case where two distinct grounds in support of a single cause of action are alleged, one only of which presents a federal question, and a case where two separate and distinct causes of action are alleged, one only of which is federal

in character. In the former, where the federal question averred is not plainly wanting in substance, the federal court, even though the federal ground be not established, may nevertheless retain and dispose of the case upon the nonfederal *ground;* in the latter it may not do so upon the nonfederal *cause of action.*

"The case at bar falls within the first category. The bill alleges the violation of a single right; namely, the right to protection of the copyrighted play. And it is this violation which constitutes the cause of action. Indeed, the claims of infringement and unfair competition so precisely rest upon identical facts as to be little more than the equivalent of different epithets to characterize the same group of circumstances." [3]

Much discussion and confusion have been generated by the term "pendent jurisdiction," particularly in respect to the definition of the term "single cause of action." This much, however, appears to be an accepted criterion: A nonfederal claim may be joined to a related federal claim under the Court's pendent jurisdiction when both claims are asserted by the same plaintiff against the same defendant.[4] "At a minimum,

are, as in Hurn, 'little more than the equivalent of different epithets to characterize the same group of circumstances.' 289 U.S., at 246 [53 S.Ct. at 590]. This limited approach is unnecessarily grudging. Pendent jurisdiction, in the sense of judicial *power*, exists whenever there is a claim 'arising under [the] Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority * * *.' U.S. Const., Art. III, § 2, and the relationship between that claim and the state claim made in the complaint permits the conclusion that the entire action before the court comprises but one constitutional 'case.' "

3. The holding in Hurn v. Oursler was codified in the 1948 Judicial Code (28 U.S.C.A. § 1338(b)): "The district courts shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the copyright, patent or trade-mark laws."

4. While Romero v. International Terminal Operating Co., 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959), involved several defendants, the case is clearly distinguishable from the present one. The Court in *Romero* said: "However, the District Court may have jurisdiction of them [petitioner's claims under the general maritime law] 'pendent' to its jurisdiction under the Jones Act. Of course the considerations which call for the exercise of pendent jurisdiction of a state claim related to a pending federal cause of action within the appropriate scope of the doctrine of Hurn v. Oursler * * * are not the same when, as here, what is involved are related claims based on the federal maritime law. We perceive no barrier to the exercise of 'pendent jurisdiction' in the very limited circumstances before us." A further distinction is that there was diversity between the plaintiff and the defendants against whom the maritime torts were asserted.

the courts agree that federal and non-federal claims alleged to be but different grounds asserted in support of a single cause of action must be claims brought by the same plaintiff against the same defendant." 62 Columbia L.Rev. 1018, 1027.[5]

In Rumbaugh v. Winifrede Railroad Company, 4 Cir., 1964, 331 F.2d 530, the Fourth Circuit said: [6]

"The origin of this doctrine is generally attributed to the case of Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148 (1933). In broad terms it provides that original jurisdiction resting on the plaintiff's federal claim extends to any nonfederal claim that he may have *against the same defendant* provided that the federal question is substantial and the two claims together constitute a 'single cause of action.' Application of the doctrine is appropriate in this case. Both the federal and the nonfederal claims are asserted by the *same plaintiff against the same defendant."* (Emphasis added.)

■ We are of the opinion that the present case falls within the second category of the *Hurn* rule; that is, that two separate and distinct causes of action are alleged—a federal cause of action against Oceanic Ore Carriers, Inc. under the Jones Act, over which the Court has jurisdiction, and a nonfederal cause of action against Central Steamship Corporation, over which we have neither original jurisdiction nor jurisdiction under the pendent jurisdiction doctrine.

The motion to dismiss as to Central Gulf Steamship Corporation is therefore granted because of lack of jurisdiction.

---

5. See also New Orleans Public Belt R. Co. v. Wallace, 5 Cir., 1949, 173 F.2d 145, holding that a common-law claim of negligence against one defendant and a claim under the Federal Employers Liability Act against another defendant are separate causes of action, and that there was no pendent jurisdiction by the trial court over the non-diverse defendant against which the nonfederal claim was asserted. See also Pearce v. Pennsylvania R. Co., 3 Cir., 1947, 162 F.2d 524, cert. denied

332 U.S. 765, 68 S.Ct. 71, 92 L.Ed. 350 (1947).

6. The Court has carefully read and analyzed the comprehensive brief submitted by counsel for plaintiff relative to ancillary and pendent jurisdiction. However, the authorities cited are inapposite in that they pertain to ancillary jurisdiction over third-party claims, cross-claims, counterclaims and other joinder procedures authorized by the Federal Rules of Civil Procedure.