Herbert W. **LETMATE**

v.

**BALTIMORE AND OHIO RAILROAD, a body corporate of the State of Maryland; and Kane Transportation (SIC) Co., Inc., a body corporate of the District of Columbia.**

Civ. No. 20949.

United States District Court,
D. Maryland.
March 31, 1970.

---

John J. Hirsch, Baltimore, Md., for plaintiff.

H. Russell Smouse and Thomas L. Samuel, Baltimore, Md., for defendant, Baltimore and O. R. R. Co.

Herbert F. Murray, Baltimore, Md., for defendant, Kane Transfer Co.

FRANK A. KAUFMAN, District Judge.

Letmate, an employee of the Baltimore and Ohio Railroad (B & O), alleging that he was injured while assisting in the loading of certain piggyback trailers upon a railroad flat car at a B & O loading ramp located in Baltimore, Maryland when one of the trailers struck him as it was being backed into place, has instituted this personal injury suit against the B & O under the Federal Employers' Liability Act, 45 U.S.C.A. §§ 51–60. Letmate contends, *inter alia*, that defendant B & O negligently failed to provide him with a safe place in which to work.

Letmate has also herein named and joined as a defendant Kane Transfer Company (Kane), owner of the trailer whose driver is alleged to have negligently handled his vehicle, and to have caused injury to plaintiff, during the loading operation. Letmate is a citizen and resident of the State of Maryland. Kane, a District of Columbia corporation, has its principal place of business in Maryland. Thus, Kane is also a citizen of Maryland. 28 U.S.C.A. § 1332(c). Consequently, there is no independent jurisdictional basis for Letmate's suit against Kane, as there is, because of the existence of a federal question, in connection with Letmate's action against the B & O. However, Letmate contends that this Court also has jurisdiction over his claim against Kane pursuant to the doctrine of pendent jurisdiction, i. e., the doctrine which permits "joinder by plaintiff of multiple claims, of which one raises a federal question and thus is within the jurisdiction of the federal court, while others do not raise a federal question and lack any independent jurisdictional grounds." 1 BARRON & HOLTZOFF, FEDERAL PRACTICE AND PROCEDURE § 23, p. 97 (Wright ed. 1960).

In Osborn, et al. v. Bank of United States, 9 Wheat. 738, 823, 6 L.Ed. 204, 224 (1824), Mr. Chief Justice Marshall wrote:

* * * When a question to which the judicial power of the Union is extended by the Constitution, forms an ingredient of the original cause, it is in the power of Congress to give the Circuit Courts jurisdiction of that cause, although other questions of fact or of law may be involved in it.

Subsequently, in Hurn v. Oursler, 289 U.S. 238, 245–246, 53 S.Ct. 586, 589, 77 L.Ed. 1148 (1933), Mr. Justice Sutherland stated:

But the rule does not go so far as to permit a federal court to assume jurisdiction of a separate and distinct nonfederal cause of action because it is joined in the same complaint with a federal cause of action. The distinction to be observed is between a case where two distinct grounds in support of a single cause of action are alleged, one only of which presents a federal question, and a case where two separate and distinct causes of action are alleged, one only of which is federal in character. In the former, where the federal question averred is not plainly wanting in substance, the federal court, even though the federal ground be not established, may nevertheless retain and dispose of the case upon the nonfederal *ground*; in the latter it may not do so upon the nonfederal *cause of action*. [Emphases in original].

In *Hurn*, in which plaintiffs claimed defendants had used an idea from plaintiffs' play in defendants' play, plaintiffs' allegation of copyright infringement provided the federal question jurisdictional base. However, plaintiffs also sought to join two non-federal questions of alleged unfair competition by the same defendants, the first having to do with plaintiffs' copyrighted work, and the second, with an uncopyrighted revision by plaintiffs of that same work. There was no diversity of citizenship between plaintiffs and defendants. The Supreme Court held, *inter alia*, that pendent jurisdiction was present as to the first unfair competition claim because that claim arose from the same cause of action as the copyright infringement claim, but that the second unfair competition claim was unrelated to the question of copyright infringement, constituted a separate and distinct cause of action and thus did not fall within the ambit of the doctrine of pendent jurisdiction.[1] "The corollary of the rule [of pendent jurisdiction] is that the federal court does not have jurisdiction of a separate and non-federal cause of action merely because it is joined with a federal cause of action." 1 BARRON & HOLTZOFF, *supra* at 98. Thus, it logically follows that the *Hurn* requirement of a single cause of action has generally been held not to have been met where the defendant against whom the federal claim is directed is separate from and unrelated to the defendant against whom the non-federal claim is asserted. Wojtas v. Village of Niles, 334 F.2d 797 (7th Cir. 1964), *cert. denied*, 379 U.S. 964, 85 S.Ct. 655, 13 L.Ed.2d 558 (1965); New Orleans Public Belt R. Co. v. Wallace, 173 F.2d 145, 148 (5th Cir. 1949); Pearce v. Pennsylvania R. Co., 162 F.2d 524 (3d Cir. 1947), *cert. denied*, 332 U. S. 765, 68 S.Ct. 71, 92 L.Ed. 350 (1947); Gautreau v. Central Gulf Steamship Corporation, 255 F.Supp. 615 (E.D.La. 1966); Anderson v. United States, 217 F.Supp. 814 (E.D.Pa.1963); Howard v. United States, et al., 214 F.Supp. 263 (E.D.Tenn.1963); 3A J. MOORE, FEDERAL PRACTICE § 20:97[1] (1968); Pendent Federal Jurisdiction, 5 A.L.R.3d 1040, 1107 (1966); Note, The Evolution and Scope of the Doctrine of Pendent Jurisdiction in the Federal Courts, 62 Colum.L.Rev. 1018, 1027 (1962).

* * * At a minimum, the courts agree that federal and non-federal claims alleged to be but different grounds asserted in support of a single cause of action must be claims brought by the same plaintiff against the same defendant. [62 Colum.L. Rev., *supra* at 1027, quoted in Gautreau v. Central Gulf Steamship Corporation, *supra*, 255 F.Supp. at 617–618].

In Pearce v. Pennsylvania R. Co., *supra*, the Third Circuit held that while federal question jurisdiction existed with regard to Federal Employers' Liability Act and Safety Appliance Act claims of plaintiff, a citizen of Pennsylvania, against the defendant railroad, pendent jurisdiction was not thereby created in connection with the state common law cause of action presented against a second defendant landowner, a citizen of Pennsylvania, even though similar sets of operative facts were alleged in support of plaintiff's claims against both defendants.[2]

---

1. In United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), the Supreme Court reaffirmed the propriety of a federal court's retention of jurisdiction, under the circumstances of the case, over a non-federal claim where the plaintiff had failed to establish his federal claim against the same defendant but that federal claim was not insubstantial.

2. Taking up the next argument of appellant, it is that the action against Hofkin is ancillary to the action against the railroad and, therefore the Court may retain jurisdiction. A close examination of the complaint in question disposes of this contention. As drawn, the complaint would bring into issue three separate and distinct measures of liability between the plaintiff and the two defendants. Un-

In sustaining pendent jurisdiction over a non-federal claim in Rumbaugh v. Winifrede R. Co., 331 F.2d 530 (4th Cir.), *cert. denied*, 379 U.S. 929, 85 S.Ct. 322, 13 L.Ed.2d 341 (1964), then Chief Judge Sobeloff, after referring to *Hurn*, wrote (at 539):

\* \* \* In broad terms it [the doctrine of pendent jurisdiction] provides that original jurisdiction resting on the plaintiff's federal claim extends to any nonfederal claim that he may have against the *same* defendant provided that the federal question is substantial and the two claims together constitute a "single cause of action." Application of the doctrine is appropriate in this case. Both the federal and the nonfederal claims are asserted by the *same plaintiff against the same defendant*. The complaint presents one set of operative facts to support the two claims, thereby stating a "single cause of action." [Footnotes omitted; emphases added].

■ Letmate's claim against Kane constitutes a cause of action separate and distinct from its federal claim against B & O. The doctrine of pendent jurisdiction is therefore not applicable to Letmate's suit against Kane.

■ Nevertheless, plaintiff suggests that the policies which underlie Federal Civil Rule 19(a) [3] dictate that the requirements of subject matter jurisdiction in this case should be relaxed because of Kane's material interest in the controversy and in order that complete disposition of the matter may be made in one suit. But Rule 19 is predicated upon the preexistence of federal jurisdiction over the cause of action and, additionally Federal Civil Rule 82 [4] forecloses the possibility of using Rule 19 to extend jurisdiction.[5] And, finally,

der the Safety Appliance Act, *supra*, if the plaintiff showed any failure to meet the requirements of the Act on the part of the defendant, Pennsylvania Railroad, plaintiff's right to recover would be absolute. Under the Federal Employers' Liability Act, if the plaintiff showed negligence on the part of the railroad he would be entitled to recover damages, but the defendant, Pennsylvania Railroad, would be entitled to offset such damages by any contributory negligence it could show on the part of the plaintiff and have the damages pro rated; while in the action against Hofkin, under the common law of Pennsylvania, if the defendant, Hofkin, could show any contributory negligence on the part of the plaintiff, such contributory negligence, no matter how much, would constitute a bar to a recovery on the part of the plaintiff against Hofkin.

Accordingly this Court is of the opinion that the complaint does not plead an ancillary cause of action against the defendant, Hofkin, but definitely alleges a separate and distinct cause of action against the separate defendants and, therefore, upon appellant's second argument, jurisdiction must fail. [Pearce *supra*, 162 F. 2d at 527].

3. Rule 19(a) provides, in part, as follows:
   (a) *Persons to be Joined if Feasible.* A person who is subject to service of process and whose joinder will not de-

prive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. \* \* \*

4. The first sentence of Rule 82 provides:
   These rules shall not be construed to extend or limit the jurisdiction of the United States district courts or the venue of actions therein. \* \* \*

5. In Anderson v. United States *supra*, 217 F.Supp. at 815, Judge Kraft held, after referring to Rule 82, that Rules 19 and 20 (the latter dealing with permissive joinder) "necessarily presuppose the existence of jurisdiction."

In Pearce v. Pennsylvania R. Co., *supra*, plaintiff contended that since Rule 14(a) permits the original plaintiff to assert certain claims against a third party defendant who has been brought in by the defendant as third party plaintiff, the original plaintiff should be allowed to

plaintiff's contention that Kane, as an alleged joint tortfeasor along with the B & O, is an indispensable party within the meaning of Rule 19, is lacking in merit. A joint tortfeasor is not *per se* an indispensable party under Rule 19. Debbis v. Hertz Corp., 269 F.Supp. 671, 683 and n. 20 (D.Md.1967).

For the reasons stated hereinabove, Letmate's tort claim against Kane is hereby dismissed without prejudice to Letmate's seeking, in an appropriate state court, the relief he sought herein.

join that third party as an additional defendant in the first place. The Third Circuit, in rejecting that argument, held (at 528–29) that "Rule 14 must be read in the light of Rule 82" and that "Rule 14 gives the sole right to the defendant or defendants to make the original election of bringing in additional defendants in a third party action, and plaintiff may not use that Rule in an attempt to maintain an action against a defendant over whom the Court would have had no jurisdiction prior to the adoption of Rule 14." *See also* J. MOORE, FEDERAL PRACTICE § 1427 [1] (1968).