**CONSUMERS UNION OF UNITED STATES, INC., et al., Plaintiffs,**

v.

**CONSUMER PRODUCT SAFETY COMMISSION et al., Defendants.**

**Civ. A. No. 75–705.**

United States District Court, District of Columbia.

Sept. 12, 1975.

**849**

Nancy H. Chasen, Peter H. Schuck, Washington, D. C., for plaintiffs.

Barry Katz, U. S. Dept. of Justice, for defendant, Consumer Product Safety Commission.

Robert L. Palmer, Eugene C. Halloway, III, Washington, D. C., for Aeronutronic Ford and GTE Sylvania.

Joseph A. Katarinec, Bruce Wiegand, Pittsburgh, Pa., for Admiral.

William E. Wickens, Washington, D. C., for General Electric.

Stephen B. Clarkson, Washington, D. C., for Magnavox.

Kevin O. Hughes, Nancy Buc, New York City, for Matsushita.

Walter T. Kuhlmey, Chicago, Ill., for Motorola.

Howard J. Kaufman, Washington, D. C., Charles C. Hileman, Ira P. Tiger, Philadelphia, Pa., for RCA.

William L. Dickey, Washington, D. C., Peter J. Gartland, Peter A. Dankin, New York City, for Sharp.

David Fleischer, New York City, for Toshiba.

Michael A. Stiegel, Chicago, Ill., for Warwick.

Robert S. Carlson, New York City, for Zenith.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

Plaintiffs Consumers Union of United States, Inc., and Public Citizens' Health Research Group filed this action on May 5, 1975, seeking access under the Freedom of Information Act, 5 U.S.C. § 552, to certain reports on television accidents submitted to the Consumer Product Safety Commission (CPSC) by various television manufacturers. The defendants in this case are the CPSC, its Chairman, Commissioners, and Secretary; and twelve television manufacturers which submitted the reports in question. The plaintiffs seek relief in the following form: (a) a declaration that the requested documents, currently in possession of the CPSC, must be made immediately available to the plaintiffs for inspection and/or copying; and (b) an injunction enjoining the CPSC and its agents and employees from failing to make the requested documents immediately available to plaintiffs for inspection and/or copying.

The case is currently before the Court on the motions of ten television manufacturers to dismiss or, in the alternative, to stay these proceedings.[1] The defendants claim that with respect to the

[1]. Defendants Admiral, Aeronutronic Ford, General Electric, GTE Sylvania, Magnavox, RCA, Sharp, Toshiba, Warwick, and Zenith have so moved. The remaining defendants, Motorola, Matsushita, and the CPSC, have in effect so moved by praying for dismissal in their answers to the plaintiffs' complaint.

Government, the complaint fails to present a "case or controversy" within the meaning of Article III, section 2 of the United States Constitution,[2] and that with respect to the manufacturers the complaint fails to state a claim upon which relief can be granted. The defendant-manufacturers also claim that because a similar action involving virtually the same issues is pending in the United States District Court for the District of Delaware, this action should be dismissed in the interests of comity and judicial economy.

## I. BACKGROUND

A somewhat complex course of events provides the background for this action. In May, 1974, the CPSC issued special orders to television manufacturers requesting that they submit, *inter alia*, all accident reports collected by the manufacturers since the National Commission on Product Safety held certain hearings in 1969. The CPSC also invited the manufacturers to indicate which, if any, of the reports they submitted were, in the manufacturers' view, entitled to exemption from disclosure under the Freedom of Information Act (FOIA). In June, 1974, plaintiffs herein requested access, under the FOIA, to the documents submitted by the manufacturers in response to the CPSC's orders of the previous month. While the plaintiffs were given access to those reports for which confidentiality was not claimed by the manufacturers, the plaintiffs were not immediately afforded access to the documents which the manufacturers claimed were exempt from the FOIA. Instead, the CPSC, in August, 1974, informed the manufacturers of the plaintiffs' FOIA request and directed the manufacturers to substantiate their claims of confidentiality. In the meantime, the CPSC had determined, in July, 1974, that the manufacturers' response

to its first request for documents was not complete; the CPSC ordered the manufacturers to make further submissions and extended the plaintiffs' FOIA request to the additional data submitted by the manufacturers. Plaintiffs subsequently limited their request to exclude documents protected by the attorney-client privilege or the work-product doctrine and those portions of documents which contained the names and addresses of accident victims.

With their request still unanswered, plaintiffs informed the CPSC in October, 1974, that any further delay would be considered by the plaintiffs as a denial of their request under the FOIA. As a result of that communication, representatives of the plaintiffs and the CPSC met in November, 1974, and agreed upon a timetable for the completion of CPSC's review of the voluminous submissions. It was estimated that the CPSC's legal determination as to the availability of the requested documents would be completed by mid-March of 1975. Plaintiffs acquiesced in that timetable, but expressly reserved the right to consider additional delay as a denial of their request.

On March 28, 1975, the CPSC issued its legal determination that the documents requested by the plaintiffs did not fall within the exemptions of the FOIA and that, even if the data were exempt, disclosure by the CPSC was nonetheless within its discretion and, in this case, appropriate in the interest of public health and safety. The CPSC subsequently notified the television manufacturers of its decision to release the requested documents and of its intention to withhold disclosure until May 1, 1975. Upon said notice, seven of the defendant television manufacturers filed separate actions against the CPSC in the United States District Court for the District of Delaware,[3] each seeking an injunction

---

2. The federal defendant has also, in effect, so moved. See note 1, *supra*, and Answer of the Consumer Product Safety Commission at "First Defense".

3. The following manufacturers filed actions in the District of Delaware: GTE Sylvania (C.A. No. 75–104), RCA (C.A. No. 75–108), Magnavox (C.A. No. 75–112), Zenith, (C.A.

prohibiting disclosure on the grounds that the release of the documents is barred by the exemptions to the FOIA and certain portions of the Consumer Product Safety Act, 15 U.S.C. § 2051 *et seq.* Five other television manufacturers filed similar separate actions in the United States District Court for the Southern District of New York,[4] the United States District Court for the Northern District of New York,[5] and the United States District Court for the Western District of Pennsylvania.[6] In all of the actions, the manufacturers applied for temporary restraining orders prohibiting the release of the documents pending determination of their motions for preliminary injunction. The CPSC consented to the temporary restraining order in at least some of the cases.[7] The instant action was filed on May 5, 1975. Subsequently, the individual actions filed by the television manufacturers were consolidated in the District of Delaware.[8] Oral arguments on the preliminary injunction motion in the consolidated cases were heard by Chief Judge Latchum in July, 1975. The documents in question in both this action and the consolidated cases in Delaware remain in the possession of the CPSC and subject to the above-mentioned restraining orders pending Judge Latchum's decision on the motion for preliminary injunction.[9]

## II. NO CASE OR CONTROVERSY EXISTS BETWEEN PLAINTIFFS AND THE CPSC

■ Plaintiffs invoke the jurisdictional sections of the FOIA, 5 U.S.C. § 552(a)(3), and the Administrative Procedure Act, 5 U.S.C. § 702, as bases for this Court's jurisdiction in this case.[10] Both statutes pertain to actions against federal agencies. In this case, plaintiffs seek an order instructing the agency to provide plaintiffs access to the documents in question for inspection and/or copying. At the heart of plaintiffs' claim is their contention that the documents are subject to mandatory disclosure under the FOIA.[11] The defendant agency, however, came to the exact same conclusion in its above-mentioned formal finding of March 28, 1975. The CPSC and the plaintiffs thus stand in the same position on the crucial issue in this case.

■■ The Constitution extends federal courts' jurisdiction only to specified cases and controversies.[12] Implicit in the "case and controversy" doctrine is the requirement that litigation must arise "between adverse litigants." *Mus-*

---

No. 75–113), Motorola (C.A. No. 75–114), Warwick, (C.A. No. 75–115), and Aeronutronic Ford (C.A. No. 75–116).

4. Matsushita (C.A. No. 75–2040), Sharp (C.A. No. 75–2049), and Toshiba (C.A. No. 75–2050), filed actions in the Southern District of New York.

5. General Electric (75–CV–189) filed suit in the Northern District of New York.

6. Admiral (C.A. No. 75–531) filed suit in the Western District of Pennsylvania.

7. The plaintiffs claim that the agency consented to the orders in all of the cases filed by the manufacturers. Plaintiffs' complaint at ¶ 11. The CPSC claims that it consented to some but not all of the orders. Answer of the Consumer Product Safety Commission at ¶ 11. For purposes of this motion to dismiss, plaintiffs' allegations are taken as true.

8. *In re: Consumer Product Safety Commission Litigation,* Civil Action Nos. 75–104, 75–108, 75–112, 75–113, 75–114, 75–115, 75–116, 75–122, 75–131, 75–136, 75–150, 75–151, 75–152 (D.Del.)

9. The statement of facts above is drawn from all of the substantive pleadings in this case.

10. Plaintiffs also invoke the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, as a ground for this Court's jurisdiction, plaintiffs' complaint at ¶ 2. The Declaratory Judgment Act is not, however, a statute which confers jurisdiction. See, e. g., *Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950).

11. See plaintiffs' complaint at ¶ 13.

12. U.S.Const., art. III, § 2. See *Golden v. Zwickler,* 394 U.S. 103, 89 S.Ct. 956, 22 L.Ed.2d 113 (1969); *Baker v. Carr,* 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1969).

*krat v. United States,* 219 U.S. 346, 361, 31 S.Ct. 250, 55 L.Ed. 246 (1911); *Aetna Life Insurance Co. v. Haworth,* 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617 (1937). Where opposing litigants desire "the same result," as here, there is "no case or controversy within the meaning of Art. III of the Constitution." *Moore v. Charlotte-Mecklenburg Board of Education,* 402 U.S. 47, 48, 91 S.Ct. 1292, 1293, 28 L.Ed.2d 590 (1971); *General Electric Co. v. Bootz Mfg. Co.,* 289 F. Supp. 504 (D.Ind.1968). This Court is faced with the prospect in the instant action that both the plaintiffs and the CPSC will submit briefs urging the same conclusion as to the availability of the documents under the FOIA. In such a posture, this case does not present a question "in an adversary context," as required by the Constitution. *Flast v. Cohen,* 392 U.S. 83, 95, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968).

Plaintiffs contend, however, that the "controversy" which they present as between themselves and the agency centers on the agency's failure to contest the temporary restraining orders issued in the now-consolidated cases brought by the manufacturers. According to the plaintiffs, the agency's failure to contest the orders constituted a violation of the agency's duty under the FOIA to speedily deliver the documents in question once a determination was made that such documents were subject to disclosure. Plaintiffs also allege that the agency's failure to contest the orders reflects a certain lack of good faith toward the plaintiffs.

As an initial matter, this Court notes, admittedly without having all of the facts before it,[13] that it does seem curious that the agency, having just completed a nine-month legal investigation which led to the conclusion that the documents were available under the FOIA, failed to make even a *pro forma* opposition to the motions for restraining orders. However, regardless of any possible impropriety on the agency's part, its

failure to contest the motions does not present a "controversy" between plaintiffs and the CPSC in this case. Plaintiffs do not ask for a mere declaration that the agency "shouldn't have" consented to the orders—it is doubtful, in fact, that such a "wrong" would be actionable. Plaintiffs ask instead that the agency be ordered to release the documents to the plaintiff, and a decision to that effect made by this Court would necessarily entail a determination that the documents are subject to disclosure under the FOIA. As discussed above, there is no adversity between the agency and the plaintiffs, and thus no case or controversy, with respect to the FOIA issue.

Plaintiffs point to the case of *Robertson v. Department of Defense,* 402 F. Supp. 1342 (D.D.C., June 19, 1975), in support of their claim that a controversy exists in the instant action. *Robertson* involved a very similar fact situation to this case. The General Motors Corporation had submitted certain documents to the Department of Defense which Robertson subsequently requested, for purposes of inspection, under the FOIA. The Department determined that some *but not all* of the documents were subject to FOIA disclosure. General Motors thereupon sued the Department and other federal defendants in the United States District Court for the Eastern District of Virginia, seeking an injunction against the disclosure of the documents. Robertson countered by filing an FOIA suit against the Department and General Motors in this Court. In allowing the plaintiff to maintain suit, Judge Barrington D. Parker pointed out what is, for purposes of the instant case, the crucial characteristic of *Robertson:* "[I]n the Virginia proceeding and in the matter before this Court, the government has never taken the position espoused by Robertson—that the documents, in their entirety, are obtainable under the Act." Memorandum Opinion of June 19, 1975, at 8. In *Robertson,*

13. See note 7, *supra.*

unlike the instant action, there were areas of disagreement between the plaintiff and the governmental defendant.[14]

In essence, what the plaintiffs ask this Court to do in the instant case is to re-determine whether the restraining orders obtained by the manufacturers in various federal district courts should have issued. It is true that the CPSC consented to the various orders. Nonetheless, it was the responsibility of each court—and this Court cannot but assume that said responsibility was met—to make an independent determination that an order was justified. See, *e. g.,* Judge Latchum's Temporary Restraining Order of April 23, 1975, in *RCA Corp. v. United States Consumer Product Safety Commission,* Civil No. 75–108 (D.Del. filed April 22, 1975). As the United States Court of Appeals for the District of Columbia Circuit has noted, "in the interests of comity and the orderly administration of justice we should not attempt to reexamine . . . matters considered and resolved by . . . a court having authority equal to our own." *Hilton Hotels Corp. v. Weaver,* 117 U.S.App.D.C. 83, 325 F.2d 1010 (1963), *cert. denied,* 376 U.S. 951, 84 S.Ct. 968, 11 L.Ed.2d 971 (1964) (footnote omitted).

III. PLAINTIFFS' COMPLAINT FAILS TO STATE A CLAIM AGAINST THE DEFENDANT-MANUFACTURERS UPON WHICH RELIEF CAN BE GRANTED.

 As noted above, this case is brought under the FOIA and the Administrative Procedure Act. Those statutes entitle a claimant to relief against federal agencies and, accordingly, plaintiffs' complaint is styled to request re-lief from inaction by the CPSC. Plaintiffs have also named twelve television manufacturers as defendants in this case, but no relief is requested from the manufacturers. Indeed, the manufacturers are in no position to provide relief inasmuch as the documents in question are in the possession of the agency. Thus, as to the defendant-manufacturers, plaintiffs "can prove no set of facts in support of [their] claim which would entitle [them] to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). The defendant-manufacturers would thus seem to be entitled to dismissal under Fed.R.Civ.P. 12(b)(6) because of plaintiffs' failure to state a claim upon which relief can be granted.

Plaintiffs maintain, however, that because the defendant-manufacturers have such a strong interest in the outcome of this litigation, they are subject to suit under the compulsory joinder provision of Fed.R.Civ.P. 19(a). Assuming *arguendo* that Rule 19(a) could be so employed in the current litigation, the plaintiffs would nonetheless be faced with an uncleared hurdle: lack of jurisdiction. As noted in the preceding section, there is no case or controversy between plaintiffs and the federal defendant. Lack of a case or controversy is a jurisdictional defect. See *Aetna Life, supra; Tilley Lamp Co. v. Thacker,* 454 F.2d 805, 808 (5th Cir. 1972). Plaintiffs have suggested that "even assuming *arguendo* that no live case or controversy existed between plaintiffs and the Commission, nothing is clearer than that a very live case or controversy exists between plaintiffs and the manufacturers." Plaintiffs' Motion for Summary Judgment at 35. Plaintiffs would thus provide the missing jurisdictional ingre-

---

14. Plaintiffs also question the genuineness of the agency's conclusion on the FOIA issue: "[E]ven if the Commission should prevail in the Delaware action, it could then decide as a discretionary matter to refuse to disclose the data to plaintiffs." Plaintiffs' Motion

for Summary Judgment at 43 n.**. But the agency has assured the Court on the public record that "disclosure will be made as soon as the federal defendants are not enjoined from doing so." CPSC's Answer at ¶ 13.

dient of case or controversy by joining, under Rule 19(a), the defendant-manufacturers who certainly possess an interest adverse to plaintiffs in this litigation. The plaintiffs' solution is ingenious but unfortunately not authorized by Rule 19, which is "predicated upon the preexistence of federal jurisdiction over the cause of action . . . ." *Letmate v. Baltimore and Ohio R. R.*, 311 F.Supp. 1059, 1062 (D.Md.1970). Rule 19 cannot be used "in a way that would extend the subject matter jurisdiction of the Federal courts; indeed, Rule 82 precludes any construction of the Rule that would have such an effect." 7 Wright and Miller, *Federal Practice and Procedure* § 1602, at 20 (footnote omitted); see also *Anderson v. United States*, 217 F.Supp. 814 (E.D.Pa.1963).

## IV. CONCLUSION

Plaintiffs' complaint must therefore be dismissed for failure to present a case or controversy as to the federal defendant and failure to state a claim upon which relief can be granted as to the defendant-manufacturers.[15] In reaching this conclusion, the Court notes that it is especially reluctant to bar the courthouse door when the plaintiff is, as in the instant case, a representative of the public interest. But the Constitution demands no less, considering the present posture of this case.

The Court is aware of the possibility that plaintiffs failed to intervene in the Delaware proceedings in the hope that this Court would assume jurisdiction in the present case. In declining to do so, this Court in no way intends to prejudice any future efforts plaintiffs might make to intervene in the Delaware proceeding.

An Order in accordance with the foregoing Memorandum Opinion will be issued of even date herewith.

---

15. Defendant-manufacturer Warwick has moved for dismissal on the additional grounds that this Court lacks personal jurisdiction over Warwick. In view of the Court's disposition of this case, it is unnecessary to consider Warwick's motion.