**SEARS, ROEBUCK AND COMPANY,**
Appellant,

v.

**GENERAL SERVICES ADMINISTRA-
TION et al., Council on Economic
Priorities, Intervenor-Plaintiff.**

No. 74–1946.

United States Court of Appeals,
District of Columbia Circuit.

Dec. 9, 1974.

Lawrence M. Cohen, S. Richard Pincus, Paul J. Cherner, Gerard C. Smetana, Chicago, Ill., Alan Raywid, and Burt A. Braverman, Washington, D. C., were on the pleadings for appellant.

Earl J. Silbert, U. S. Atty., John A. Terry, Arnold T. Aikens and Derek I. Meier, Asst. U. S. Attys., were on the pleadings for appellees.

Thomas R. Asher and Collot Guerard, Washington, D. C., were on the pleadings for intervenor.

Before BAZELON, Chief Judge, and LEVENTHAL, Circuit Judge.

## PER CURIAM:

Sears, Roebuck & Company brought this action in the District Court, seeking to prevent disclosure under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, of EEO–1 forms and Affirmative Action Plans (AAP's) which Sears, as a government contractor, has been required to submit to the General Services Administration (GSA) and to the Office of Federal Contract Compliance, Department of Labor (OFCC) by Executive Order No. 11246, 30 F.R. 12319 (1965), as amended by Executive Order No. 11375, 32 F.R. 14303 (1967), and regulations promulgated thereunder. Disclosure is sought by Intervenor Council on Economic Priorities, a non-profit corporation which is currently preparing a study of the comparative social performance of five major national retailers, including Sears. GSA and the OFCC, having first consulted the FOIA Committee of the Department of Justice, were willing to release the documents. These agencies offered Sears an opportunity to review the documents and point out any portions which were exempt from disclosure under either the FOIA or the OFCC disclosure regulations, 41 C.F.R. § 60–40.1 et seq.[1] Sears declined to follow this procedure because it maintained that the documents were *wholly* exempt under FOIA exemptions § 552(b)(3) (specifically exempted by statute) and § 552(b)(7) (investigatory files compiled for law enforcement purposes). Therefore it sought in District Court an injunction restraining the government from disclosing any of the information. The Council on Economic Priorities was permitted to intervene.

In an extremely careful and thorough opinion, 384 F.Supp. 996 (D.D.C.1974), Judge Bryant held that the documents were not exempt either under (b)(3) or (b)(7) and, as to those claims, granted summary judgment for the government and the intervenor. However, because Sears argued in the alternative that large portions of the documents were exempt under (b)(4) and (b)(6), but had never specified for the government which portions it believed those sections protected, Judge Bryant stayed disposition of those claims pending agency review. Sears was directed to submit its (b)(4) and (b)(6) claims to GSA within 30 days; GSA, in turn, was ordered to release all portions of the information *not* brought to its attention by Sears in those claims.

---

1. The OFCC disclosure regulations implement the FOIA and provide for disclosure of all contract compliance documents, including AAP's, except as prohibited by law or by the regulations themselves. The latter permit the OFCC to withhold confidential commercial and financial information and, *inter alia*, "those portions of affirmative action plans which constitute information on staffing patterns and pay scales but only to the extent that their release would injure the business or financial position of the contractor, would constitute a release of confidential financial information of an employee or would constitute an unwarranted invasion of the privacy of an employee." 41 C.F.R. § 60–40.3(a)(2).

Sears has appealed from Judge Bryant's order granting summary judgment for the government on the (b)(3) and (b)(7) claims. Having unsuccessfully sought a stay of that order in the District Court, Sears moved in this Court for a stay pending disposition of the appeal. Because shortage of time did not permit thorough consideration of the case when the motion was filed, this Court granted a temporary stay on October 10, 1974. But intervening weeks have permitted a more complete understanding of the case, and the Court is now convinced that the stay should be dissolved.

■ This Court's decision in Virginia Petroleum Jobbers v. FPC, 104 U.S.App. D.C. 106, 259 F.2d 921 (1958) requires, *inter alia*, that one who seeks a stay demonstrate a strong likelihood of success on the merits. This Sears has failed to do. Its (b)(3) argument is based on three statutory provisions: § 709(e) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–8(e); 44 U.S.C. § 3508; and 18 U.S.C. § 1905. None of these provisions specifically exempts the documents from disclosure within the meaning of § 552(b)(3).

■ Section 709(e) is a criminal statute which prohibits officers and employees of the EEOC from making public information obtained by the Commission pursuant to its authority under Title VII. The EEO–1's herein were collected by the Joint Reporting Committee (JRC), which collects documents for and distributes them to both the EEOC and the OFCC. Although under some circumstances the EEOC does require the submission of EEO–1's, which the JRC collects for it, Judge Bryant correctly held that all of the documents herein were obtained by the JRC pursuant to Executive Orders 11246 and 11375 and *not* pursuant to the Commission's authority under Title VII. Further, members of the JRC are not officers or employees of the

Commission. While the JRC may be an agent of the Commission when it acts for the Commission, it is an agent of the OFCC when it collects information for that agency pursuant to Executive Order 11246. Thus, the data in question here was not collected by the EEOC, nor was it obtained pursuant to EEOC authority. Section 709(e) does not apply.[2]

■ Sears' argument that 44 U.S.C. § 3508 exempts the documents from disclosure must fail for similar reasons. Section 3508 prohibits agencies from disclosing confidential information received from other agencies which would not themselves be permitted by law to disclose it. As we have already explained, GSA and OFCC do *not* receive the data from the EEOC. Thus, the argument that GSA and OFCC cannot disclose the information because the EEOC, if in possession of such information, could not disclose it, is without merit.

■ Sears' final (b)(3) argument is based on 18 U.S.C. § 1905. This Court has indicated that § 1905 does not fall within the ambit of exemption (b)(3) because it does not itself define what information is exempt from disclosure. Grumman Aircraft Engineering Corp. v. Renegotiation Board, 138 U.S.App.D.C. 147, 149 n. 5, 425 F.2d 578, 580 n. 5 (1970); Robertson v. Butterfield, 162 U.S.App.D.C. 298, 300, 498 F.2d 1031, 1033 n. 6 (1974).

■ Sears has also failed to demonstrate that it is likely to succeed on the merits of its (b)(7) claim. In two recent decisions, Rural Housing Alliance v. U. S. Department of Agriculture, 162 U.S. App.D.C. 122, 498 F.2d 73 (1974), and Center for National Policy Review v. Weinberger, 163 U.S.App.D.C. 368, 502 F.2d 370 (1974), this Court has distinguished between records compiled as part of a routine monitoring procedure and records compiled as part of "investigations which focus directly on specifically alleged illegal acts." Rural Hous-

---

**2.** As Judge Bryant noted, AAP's, which include the information contained in EEO–1's, are required by the OFCC regulations, 41 C.F.R. § 60–2.1 et seq., and are never required by the EEOC. Thus, no possible reading of § 709(e) could bar disclosure of AAP's.

ing Alliance, *supra*, 162 U.S.App. D.C. at 130, 498 F.2d at 81. Records in the former category are not protected by exemption (b)(7). The EEO–1's and AAP's which Sears, as a government contractor, was required to supply in order that its compliance with executive orders prohibiting employment discrimination could be monitored are not "investigatory files" and are not exempt from disclosure under (b)(7).

Therefore, since Sears has failed to demonstrate the probable success on the merits of its appeal required for continuance of the stay, the stay of the District Court's order which this Court granted on October 10 is dissolved, and GSA is directed to release forthwith all of the information sought herein which Sears has not specified as exempt under FOIA exemptions (b)(4) and (b)(6).

So ordered.