**Reuben B. ROBERTSON, III,**
**Plaintiff,**

**v.**

**DEPARTMENT OF DEFENSE et al.,**
**Defendants.**

**Civ. A. No. 74–644.**

United States District Court,
District of Columbia.

June 19, 1975.

Larry P. Ellsworth, Washington, D. C., for plaintiff.

Robert T. Thompson, Thompson, Ogletree & Deakins, Greenville, S. C., Guy F. Driver, Jr., Thompson, Ogletree & Deakins, Winston-Salem, N. C., Alison K. Schuler, Hunton, Williams, Gay & Gibson, Washington, D. C., for defendant General Motors Corp.

Michael J. Ryan, Asst. U. S. Atty., Washington, D. C., for defendants Dept. of Defense and James R. Schlesinger.

## MEMORANDUM OPINION

PARKER, District Judge.

This is an action brought under the Freedom of Information Act (FOIA or Act), 5 U.S.C. § 552 (1970), in which Reuben B. Robertson, III, a private citizen, seeks to obtain access to certain civil

rights compliance reports submitted by the defendant General Motors Corporation (GM) to the defendant Department of Defense. Also named as a defendant is James R. Schlesinger, Secretary of Defense.

By Executive Orders 10925[1] and 11114[2] a Federal policy was promulgated requiring companies contracting with the United States Government to agree not to discriminate against an employee or applicant for employment because of race, color, religion, sex or national origin. The Department of Labor was designated by Executive Order 11246[3] to assure that contractors comply with their non-discrimination contract commitment. Under regulations issued by the Department of Labor each government contracting agency is primarily responsible for obtaining compliance.[4] Within the Department of Defense, the Director of the Defense Supply Agency (DSA) and more particularly the DSA Office of Contract Compliance bears this responsibility subject to the Department of Labor regulations. Among these regulations are provisions requiring government contractors to submit compliance information and reports to the contracting agency. These include annual reports on Standard Form 100 (EEO–1's)[5] and Affirmative Action Plans (AAP's).[6]

The plaintiff seeks injunctive relief, compelling disclosure of documents submitted by GM to the Department of Defense: the 1973 EEO–1's and AAP's for facilities located in Bedford, Indiana and Danville, Illinois.

The issues presently before the Court are: (1) whether the proceedings in a similar action filed in the United States District Court for the Eastern District of Virginia, which are summarized infra, involving the same documents, require entry of summary judgment in favor of GM, and, if not, (2) whether plaintiff Robertson is entitled to partial summary judgment on the grounds that the documents are not, as urged by GM, within the scope of the third and sixth exemptions of the FOIA, 5 U.S.C. § 552(b)(3) and (6). General Motors has filed a motion for summary judgment and the plaintiff has filed a cross-motion for partial summary judgment. For reasons set forth in this opinion, the Court concludes that GM's motion for summary judgment should be denied, and Robertson's motion for partial summary judgment should be granted.

On November 2, 1973 plaintiff first requested copies of the above documents from the DSA. There then ensued correspondence between the DSA and GM and the DSA indicated its intention to make certain portions of the documents available to the plaintiff.

Shortly thereafter, on April 10, 1974, GM filed suit against the Department of Defense, the Defense Supply Agency, the Office of Federal Contract Compliance and the Department of Labor in the United States District Court for the Eastern District of Virginia seeking an injunction against disclosure of the documents.[7] In that action GM claimed that the documents were exempt from disclosure under the fourth exemption of the Act as "matters that are . . . trade secrets and commercial or financial information obtained from a person and privileged or confidential."[8] General Motors further claimed that the documents were exempt from disclosure under 42 U.S.C. § 2000e–8(e) and 18 U.S.C. § 1905.[9] On April 12, 1974 that

---

1. 26 Fed.Reg. 1977 (1961).

2. 28 Fed.Reg. 6485 (1963).

3. As amended, 3 C.F.R. 169 (1974).

4. 41 C.F.R. § 60–1.6 (1974).

5. 41 C.F.R. § 60–1.7(a) (1974).

6. 41 C.F.R. Parts 60–2 and 60–60 (1974).

7. *General Motors Corp. v. Schlesinger*, et al., C.A. No. 195–74–A (E.D.Va., filed Apr. 10, 1974).

8. 5 U.S.C. § 552(b)(4).

9. 42 U.S.C. § 2000e–8(e) makes unlawful disclosure by employees of the Equal Employment Opportunity Commission of certain confidential information.

court issued a temporary restraining order against the defendants, directing them not to release any portions of the documents. Approximately a week later Robertson learned of the Virginia action, but made no attempt to intervene. Instead on April 26, 1974, he filed the FOIA proceeding in this Court.

A preliminary injunction was issued by the Virginia court on May 9, 1974. Later, on December 20, 1974 a decree of permanent injunction was entered enjoining the defendants from releasing certain portions of the documents. The court found that those portions fell within the fourth exemption of the FOIA and were protected from disclosure by 18 U.S.C. § 1905. On February 27, 1975 the United States Court of Appeals for the Fourth Circuit, expressing no views on the merits, issued a stay pending appeal directing the defendants not to release any portions of the documents.[10]

The federal defendants in this action have taken the position that certain portions of the documents are confidential commercial or financial data which, if released, could injure GM's competitive position and are exempt from disclosure under the fourth exemption. Other portions would be disclosed were it not for the Virginia injunction. These defendants have not taken any position on the two motions presently before the Court—that of GM for summary judgment and Robertson for partial summary judgment.

### MOTION OF GENERAL MOTORS FOR SUMMARY JUDGMENT

A multi-pronged argument is launched by GM to support the summary judgment motion: (1) exclusive jurisdiction; (2) comity; and (3) collateral estoppel.

---

18 U.S.C. § 1905 is a criminal statute directed against unauthorized disclosure by government employees, in general, of various types of confidential information.

### Exclusive Jurisdiction

■ General Motors advances the argument that the Virginia District Court, having first exercised jurisdiction over the question of access to the documents, has sole and complete jurisdiction. Such an argument depends entirely, however, on analogizing the Virginia and District of Columbia proceedings to actions in rem or quasi in rem. In such proceedings the governing principle is that the court having custody and control over the property or res may proceed to grant the appropriate relief. And where two courts attempt to exercise in rem or quasi in rem jurisdiction over the same property the doctrine provides that the court first acquiring jurisdiction proceeds without interference from the other. *Princess Lida v. Thompson,* 305 U.S. 456, 59 S.Ct. 275, 83 L.Ed. 285 (1939); *United States v. Bank of New York & Trust Co.,* 296 U.S. 463, 477, 56 S.Ct. 343, 80 L.Ed. 331 (1936), and cited cases.

■■ A proceeding in rem is traditionally regarded as one taken against the property itself for the purpose of disposition among contesting claimants. But in this proceeding Robertson is not asserting any right, title or possessory interest in the requested documents. Rather, he seeks only access to and review of them under the Act and injunctive relief to secure those results against the defendants over whom this Court has jurisdiction. This proceeding is not one in rem, and where the judgment sought is in personam and an injunction is requested compelling or restraining action by a defendant, federal courts having concurrent jurisdiction may proceed until a final determination in one court affords the possible defense of res adjudicata. *Penn General Casualty Co. v. Pennsylvania,* 294 U.S. 189, 195, 55 S.Ct. 386, 79 L.Ed. 850 (1935).

---

10. *General Motors Corp. v. Schlesinger,* No. 75–8059 (4th Cir., stay entered Feb. 27, 1975).

■ The Court finds no support for and therefore rejects GM's argument that exclusive jurisdiction is with the Virginia court.

### Comity

■ General Motors also contends that the principle of comity requires this Court to abstain from entertaining this action, as to do so would interfere with the jurisdiction of the Virginia courts. Upon analysis, however, this contention should be rejected.

As stated in *Great Northern Railway Co. v. National Railroad Adjustment Board*, 422 F.2d 1187, 1193 (7th Cir. 1970):

> [T]he comity doctrine . . . requires that when two *identical* actions are filed in courts of concurrent jurisdiction the one which first acquired jurisdiction should be the one to try the lawsuit. The purposes of the rule are to avoid unnecessarily burdening courts and to avoid possible embarrassment from conflicting results.

> Technically, the concept of comity has no application in cases like the instant one in which the two pending suits involve *different parties, different causes of action, and different issues.* (Added emphasis).

First, it is clear that identity of parties is lacking between the present and the Virginia proceeding. Likewise, there is a difference in the factual and legal issues. Plaintiff in this action seeks access to all portions of the documents. He asserts a claim to the documents claiming that exemptions three, four and six in the FOIA do not apply. However, in the Eastern District of Virginia proceeding the issues involved the third and fourth exemptions and the permanent injunction of December 20, 1974 was predicated on only the fourth exemption. The federal defendants in that proceeding challenged on a limited basis General Motors' attempt to obtain an injunction and agreed that certain portions of the documents were exempt from disclosure under exemption four of the Act.

Since this Court finds in its discussion of the collateral estoppel issue, *infra*, that plaintiff's interests were not represented in the Virginia court, it necessarily follows that the comity argument is without merit.

Any danger that the Department of Defense could find itself the object of inconsistent injunctions can be mitigated through the use of stays pending final determination of the legal issues. *Cf. Hale v. Bimco Trading, Inc.*, 306 U. S. 375, 59 S.Ct. 526, 83 L.Ed. 771 (1939).

### Collateral Estoppel

■ The final basis of GM's summary judgment motion is that Robertson's suit is barred by collateral estoppel, the issues now presented having been resolved against him in the Virginia action.

Central to the argument is the claim that Robertson's interests were represented adequately by the government in the Eastern District action. Arguing that "it is old law that a governmental body may represent its citizens in litigation, and that a judgment against that governmental body is as conclusive on the citizen as it would have been had they been parties of record," GM refers to two turn-of-century state court decisions. *Healy v. Deering*, 231 Ill. 423, 83 N.E. 226 (Ill.1907); *People v. Holladay*, 93 Cal. 241, 29 P. 54 (Cal.1892).

These cases hold that where the state's claim of ownership of real property has been rejected in court, a private citizen cannot thereafter sue, as representative of the public, for a declaratory judgment that the property is publicly owned. However, they are so clearly distinguishable from the situation now before the Court as to require little comment. The parties are not disputing ownership of anything, let alone real property. Robertson is not suing as a representative of the public, but is as-

serting a purely personal right bestowed upon him by the FOIA.

The other authority summoned is *Wolpe v. Poretsky*, 79 U.S.App.D.C. 141, 144 F.2d 505, *cert. denied*, 323 U.S. 777, 65 S.Ct. 190, 89 L.Ed. 621 (1944), cited to "illustrate the principle of government representation." There, our Court of Appeals permitted adjoining landowners to intervene for the purpose of appealing from a district court judgment setting aside a zoning order. While the opinion suggests that a government agency may sufficiently represent individual citizens so as to bind them by a judgment, close analysis indicates that *Wolpe* is not concerned essentially with collateral estoppel but rather the question of intervention. As it then read, Rule 24(a), Fed.R.Civ.P., required that the intervening party show that he would be "bound by a judgment in the action." The appellate court focused on the obvious proposition that "a decree setting aside a zoning order" would bind the landowners to the extent that it would deprive them of their statutory right[11] to sue to enforce the order. 144 F.2d at 507. The problem the court was faced with—*viz.* permitting parties with a real interest to intervene—was alleviated when Rule 24(a) was amended in 1966 to eliminate any reference to the intervenor's being bound by the judgment. As the Advisory Committee Note to the 1966 amendment states: "[The amendment] frees the rule from undue preoccupation with strict considerations of res judicata."

The Court therefore finds no support in the cases cited by GM for the view that the government was Robertson's legal representative in the Virginia action, so as to subject him to collateral estoppel. Furthermore, the Court finds little support in logic or experience for the argument that in this type of litigation, where GM has obviously sought a forum of its choice, that a private citizen's interests are represented by the

government in a suit involving disclosure of information. Indeed, the history of the FOIA clearly reflects that in this area the government's and the citizen's views have rarely coincided.[12] And more particularly, in the Virginia proceeding and in the matter before this court, the government has never taken the position espoused by Robertson that the documents, in their entirety, are obtainable under the Act. Therefore, the Court concludes that Robertson was not represented by the Federal defendant in the Virginia action and cannot be subject to collateral estoppel. The three grounds asserted in GM's motion for summary judgment are lacking in merit and are rejected.

## MOTION OF ROBERTSON FOR PARTIAL SUMMARY JUDGMENT

We turn now to a consideration of two defenses asserted by General Motors which they argue preclude plaintiff's attempted access to the documents: first, that the documents cannot be disclosed because they are protected by other statutes (exemption three of the Act); second, that the documents contain data which if disclosed would constitute an unwarranted invasion of personal privacy (exemption six of the Act). As to these arguments the plaintiff Robertson asserts that as a matter of law he is entitled to partial summary judgment.

### *The Third Exemption*

General Motors contends that disclosure of the information sought by the plaintiff is prohibited by the third exemption of the Act, § 552(b)(3), which provides that the FOIA ". . . does not apply to matters that are . . . specifically exempted from disclosure by statute." In support of this position it relies upon two federal statutes: § 709(e) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-8(e), which applies criminal penalties against officers of the Equal Employment Opportunity Commission for unauthorized

11. Under 5 D.C.Code § 422 (1973).

12. *See,* Senate and House Reports on the FOIA. S.Rep. No. 813, 89th Cong., 1st Sess. (1965); H.R.Rep. No. 1497, 89th Cong., 2d Sess. (1966), U.S.Code Cong. & Admin.News, 1966, p. 2418.

disclosure of documents; and § 1905 of Title 18 of the Criminal Code which proscribes the disclosure of confidential statistical data, amount or source of any income, profits, losses or expenditures of any corporation by government officials or employees.[13]

But the precise arguments advanced by GM as to these statutes have only recently been rejected by this Circuit in *Sears, Roebuck & Co. v. General Services Administration*, 166 U.S.App.D.C. 194, 509 F.2d 527 (1974). In that case Sears sought to prevent disclosure of its EEO forms and AAP's and, in sustaining fully the District Court's ruling that neither statute applied, our Appellate Court, at page 529, observed:

> [T]he data in question . . . was not collected by the EEOC, nor was it obtained pursuant to EEOC authority. *Section 709(e) does not apply.* . . . This Court has indicated that § *1905 does not fall within the ambit of exemption (b) (3)* because it does not itself define what information is exempt from disclosure. *Grumman Aircraft Engineering Corp. v. Renegotiation Board*, 138 U.S.App.D.C. 147, 149 n.5, 425 F.2d 578, 580 n.5, (1970); *Robertson v. Butterfield*, 162 U.S.App. D.C. 298, 300, 498 F.2d 1031, 1033 n.6 (1974). (Footnote omitted; emphasis added).

In addition, two District Court opinions from the Ninth Circuit involving AAP's and EEO-1's likewise found inapplicable § 709(e) of Title VII. *Hughes Aircraft Co. v. Schlesinger*, 384 F.Supp. 292, 295 (C.D.Cal.1974); *Legal Aid Society of Alameda County v. Shultz*, 349 F. Supp. 771, 775–6 (N.D.Cal.1972). These opinions have not been rejected or modi-

fied in any way by the appellate court of that circuit.

### The Sixth Exemption

Section 552(b)(6) of the Act denies access to "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." GM claims that since the documents constitute personnel files they are, therefore, exempt from disclosure.

It urges that the above provision should be read so as to exempt from disclosure *all* personnel files and that the further language of (b)(6)—"the disclosure of which would constitute a clearly unwarranted invasion of personal privacy"—is not to be construed as qualifying "personnel files" but only "similar files". This is a distorted construction and GM candidly admits that the unwarranted invasion of privacy test has been held in this jurisdiction to apply to "personnel and medical files" as well as "similar files". *Getman v. NLRB*, 146 U.S.App.D.C. 209, 450 F.2d 670, 674 (1971); *Ackerly v. Ley*, 137 U.S.App.D. C. 133, 420 F.2d 1336, 1339–40 n.3 (1969).

Nor can GM successfully urge exemption from disclosure of the documents on the ground that such would constitute an unwarranted invasion of privacy. It does not appear that corporate privacy was embodied within the provisions of the sixth exemption.[14] This result is supported by the legislative history to the original Act[15] and it may be clearly inferred from the opinions of this Circuit.[16]

In other contexts, courts have also rejected corporate claims to a right of privacy.[17] In *United States v. Morton*

---

13. Section 709(e), a criminal statute, prohibits officers and employees of the Equal Employment Opportunity Commission from making public information obtained by the Commission pursuant to its authority under Title VII. Section 1905 of 18 U.S.C. penalizes government employees who release trade secrets, statistical or financial data submitted to the government.

14. *See*, K. Davis, *Administrative Law Treatise* § 3A.22, at 163–4 (Supp.1970).

15. *Supra*, n. 12.

16. *See: Rural Housing Alliance v. United States Dept. of Agriculture*, 162 U.S.App.D. C. 122, 498 F.2d 73, 76–78 (1974); *Getman v. NLRB, supra. See also, Washington Research Project, Inc. v. Dep't of HEW*, 366 F.Supp. 929, 937 (D.D.C.1973), *modified*, 164 U.S.App.D.C. 169, 504 F.2d 238 (1974).

17. *See generally*, 62 Am.Jur.2d *Privacy* § 11 (1972).

*Salt Co.,* 338 U.S. 632, 652, 70 S.Ct. 357, 368, 94 L.Ed. 401 (1950), the Supreme Court stated:

> corporations can claim no equality with individuals in the enjoyment of a right to privacy. (Citation omitted). They are endowed with public attributes. They have a collective impact upon society, from which they derive the privilege of acting as artificial entities.

Having considered the words "personal privacy" in their context, the legislative history of the sixth exemption, and the lack of any indication that Congress intended any significant departure from the traditional legal view of privacy, the Court finds that 5 U.S.C. § 552(b)(6) recognizes no exemption based on a right of privacy in corporations.

The Court has examined the AAP's and EEO-1's *in camera* and has found no references to identified employees of GM. The Court concludes therefore that disclosure of the documents would not "constitute a clearly unwarranted invasion of personal privacy."

Accordingly, partial summary judgment will be entered in favor of plaintiff as to the third and sixth exemptions.

Counsel for plaintiff is directed to submit a proposed order in conformity with this opinion within five days.