Gregory SMITH, Appellant,

v.

U.S. DEPARTMENT OF
JUSTICE, Appellee.

No. 00–5211.

United States Court of Appeals,
District of Columbia Circuit.

Argued May 7, 2001.

Decided June 12, 2001.

Sidney A. Rosenzweig, appointed by the court, argued the cause as amicus curiae on the side of appellant. With him on the brief was Robert S. Litt.

Gregory Smith, appearing pro se, was on the brief for appellant.

Lisa Barsoomian, Assistant U.S. Attorney, argued the cause for appellee. With her on the brief were Wilma A. Lewis, U.S. Attorney at the time the brief was filed, and R. Craig Lawrence, Assistant U.S. Attorney.

Before: WILLIAMS, GINSBURG, and ROGERS, Circuit Judges.

Opinion for the Court filed by Circuit Judge GINSBURG.

GINSBURG, Circuit Judge:

While incarcerated at a federal correctional institution, Gregory Smith placed several calls to his attorney. Although an unmonitored telephone was available for this purpose, Smith used a telephone line on which he knew all calls were monitored and recorded pursuant to a policy of the Bureau of Prisons. Smith claims that during the conversations the attorney effectively acknowledged that he had not provided Smith with constitutionally adequate assistance.

Smith later asked the Bureau of Prisons, under the Freedom of Information Act, 5 U.S.C. § 552, for copies of the recordings it made of the conversations. The Government denied the request on the sole ground that the recordings fall within Exemption 3 of the FOIA because Title III of the Omnibus Crime Control and Safe Streets Act, 18 U.S.C. §§ 2510 *et seq.*, bars their disclosure. When Smith sought judicial review, the district court granted summary judgment for the Government. As we read Title III it is inapplicable to the recordings at issue. Therefore, under the FOIA Smith is entitled to the recordings. Smith — who appeared *pro se* and briefed the case creditably both in the district court and here — is now aided by an *amicus curiae* we appointed for the occasion; we make no further distinction between Smith's arguments and those of the amicus.

## Analysis

Exemption 3 of the FOIA makes the general requirement of disclosure inapplicable to materials

specifically exempted from disclosure by statute ... provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for with-

holding or refers to particular types of matters to be withheld.

5 U.S.C. § 552(b)(3). We have held that Title III, 18 U.S.C. §§ 2510 *et seq.*, which limits the electronic interception and disclosure of various communications, is just such an exempting statute because it "refer[s] to particular types of matters to be withheld." *Lam Lek Chong v. DEA,* 929 F.2d 729, 733 (D.C.Cir.1991). Accordingly, Smith concedes that if the nondisclosure provisions of Title III apply to the recordings he seeks, then so does Exemption 3 of the FOIA. Whether the district court correctly granted summary judgment for the Government therefore turns upon whether Title III proscribes disclosure of the recordings.

Subject to certain exceptions, Title III makes it unlawful for a person to "intercept" "any wire, oral, or electronic communication." 18 U.S.C. § 2511. The Government here contends that the prison authorities, by recording the conversations Smith had with his attorney, "intercepted" those communications and did so lawfully, as authorized by the consent exception in 18 U.S.C. § 2511(2)(c) ("person acting under of color of law [may] intercept . . . where . . . one of the parties to the communication has given prior consent"). The Government then reasons that because Title III expressly permits certain specifically-described types of disclosure (for example, in court testimony) of communications obtained "by any means authorized" in Title III, 18 U.S.C. § 2517, it implicitly forbids any other type of disclosure, including disclosure pursuant to the FOIA.

▮ Smith correctly identifies the fundamental defect in the Government's argument: the recordings he seeks were not the product of an "interception," consensual or otherwise, governed by Title III; therefore, they are not subject to whatever limitations Title III places upon the disclosure of information that does result from a covered interception. Here " 'intercept' means the aural or other acquisition of . . . any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device." 18 U.S.C. § 2510(4). "[E]lectronic, mechanical, or other device," in turn,

> means any device or apparatus which can be used to intercept a wire, oral, or electronic communication *other than—*
>
> > (a) any telephone or telegraph instrument, equipment or facility, or any component thereof, . . .
> >
> > > (ii) being used . . . by an investigative or law enforcement officer in the ordinary course of his duties.

18 U.S.C. § 2510(5) (emphasis supplied). The latter definition consists first of an inclusionary clause specifying the equipment associated with a proscribed interception, and then of an exclusionary provision — of which § 2510(5)(a)(ii) is part — specifying "acquisitions" that remain outside the statutory definition of an "interception." We have no doubt that the recordings Smith seeks fall under the exclusionary terms of § 2510(5)(a)(ii): They were obtained by "law enforcement officers" (the prison authorities) who "used," "in the ordinary course of [their] duties," some telephone "instrument, equipment or facility, or [a] component thereof."

▮ In fact, the Government said as much before the district court: "The . . . provisions of Title III," here citing § 2510(5)(a)(ii) and the consent exception, "ma[d]e the taping of these calls legal." Government's Statement of Material Facts Not in Genuine Dispute at ¶ 9. Evidently, the Government (and the district court) overlooked the point Smith made in his own motion for summary judgment, namely, that § 2510(5)(a)(ii) does not 'authorize' the recordings but instead excludes them

entirely from the coverage of the statute. Now that Smith drives the point home, the Government has changed its position.

The Government's current position, that the recordings do not satisfy the terms of § 2510(5)(a)(ii), is contradicted by a consistent line of cases admitting into evidence recordings made by prison authorities who routinely monitor inmates' conversations. Those cases hold that such recordings are not unlawful under Title III because they come within the exclusionary terms of § 2510(5)(a)(ii). *See, e.g., United States v. Van Poyck,* 77 F.3d 285, 292 (9th Cir. 1996); *United States v. Daniels,* 902 F.2d 1238, 1245 (7th Cir.1990); *United States v. Feekes,* 879 F.2d 1562, 1565–66 (7th Cir. 1989); *United States v. Paul,* 614 F.2d 115, 117 (6th Cir.1980). Indeed, that was the position of the Government in each of the cited cases.

 The Government nonetheless posits two reasons § 2510(5)(a)(ii) does not embrace (and hence does not exclude from Title III) the recordings here at issue; neither has real bite. First, the Government asserts that the exclusion provided in § 2510(5)(a)(ii) "applies only to use of a telephone to listen, not to use of a tape recorder to record." That construction conflicts with the distinction, which is implicit in Title III, between intercepting ("acqui[ring] the contents of any ... communication," § 2510(4)) — for which some prison telephone "instrument, equipment or facility, or [some] component thereof" was almost certainly used in this case — and recording that communication — for which a separate device well may have been used. *See* 18 U.S.C. § 2518(8)(a) ("contents of any ... communication *intercepted* by any means authorized by this chapter shall, if possible, be *recorded* on tape or wire or other comparable device") (emphasis supplied). We say "almost certainly" because the Government introduced no evidence whatsoever regarding the equipment it used to monitor the calls; more to the point, the Government failed to prove that the means of intercepting the calls did *not* involve use of the prison's telephone system or a component thereof. Because the Government bears the burden of showing that an exemption from the FOIA applies, *see Maydak v. DOJ,* 218 F.3d 760, 764 (D.C.Cir.2000), that failure of proof alone forecloses its first argument.

 Second, the Government asserts that "section 2510(5)(a)(ii) applies only when the telephone is 'being used by ... an investigative or law enforcement officer,' *i.e.* the officer is the person using the telephone, not when the telephone is being used by someone else and the officer is just using the tape recorder." The statute is not susceptible to that construction because it embraces use not only of a telephone but of any telephone "equipment or facility, or any component thereof," 18 U.S.C. § 2510(5); clearly, the law enforcement officer need not be using the telephone itself, wherefore he need not be participating in the conversation either. Moreover, 18 U.S.C. § 2511(2)(c) separately authorizes "a person acting under color of law to intercept a ... communication where such person is a party to the conversation"; as the requirements of that section are automatically met when a law enforcement officer actually participates in the conversation, the Government's reading would render § 2510(5)(a)(ii) superfluous.

 Finally, the Government requests in the alternative that we remand this case to the district court so it can there for the first time raise certain other exemptions from the FOIA. That avenue is barred:

We have plainly and repeatedly told the government that, as a general rule, it must assert all exemptions at the same time, in the original district court proceedings.... FOIA was enacted to

promote honesty and reduce waste in government by exposing an agency's performance of its statutory duties to public scrutiny.... As we have observed in the past, the delay caused by permitting the government to raise its FOIA exemption claims one at a time interferes both with the statutory goals of "efficient, prompt, and full disclosure of information," ... and with "interests of judicial finality and economy."

*Maydak,* 218 F.3d at 764. The Government identifies no "extraordinary circumstance" or "interim development" of facts or of law, *id.* at 767, to warrant our departing from this rule. Therefore, it must produce the recordings notwithstanding any other FOIA exemptions it may assert in a future case of this sort.

### Conclusion

For the foregoing reasons, we hold that Smith is entitled to the recordings he requested pursuant to the FOIA. The judgment of the district court is, accordingly,

*Reversed.*