Keith MAYDAK, Plaintiff,

v.

U.S. DEPARTMENT OF JUSTICE et al., Defendants.

No. CIV.A. 00–0562.

United States District Court, District of Columbia.

March 30, 2005.

Keith Maydak, North Versailles, PA, pro se.

Gregory Smith, Fort Dix Federal Correctional Institution, Fort Dix, NJ, pro se.

Paul Lee, Elkton Federal Correctional Institution, Lisbon, OH, pro se.

Mark E. Nagle, Sheppard Mullin Richter & Hampton, Laurie J. Weinstein, Oliver W. McDaniél, Carol Catherman, U.S. Attorney's Office, Washington, DC, for Defendants.

## MEMORANDUM OPINION

WALTON, District Judge.

This matter, brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (2000), is before the Court on the renewed summary judgment motion of the Bureau of Prisons ("BOP"). *See* Order of March 24, 2003 [1] (granting in part and

---

1. The Order is actually dated March 21, 2003, but it is designated by the clerk's office as having been filed on March 24, 2003.

denying in part the BOP's summary judgment motion). Plaintiff opposes the motion and cross moves for summary judgment. *See* Omnibus Pleading Relating to Counts 10, 12, 14, 22, 23, 28, 31, 32, 34, 37, 39, 43, 44, 46, 47, 49, 50, 51, 52, and 53 [Dkt. # 173]. Based on the parties' submissions and the entire record, the Court will grant in part and deny in part the BOP's motion for summary judgment and will grant in part and deny in part plaintiff's cross-motion for summary judgment.

The Court denied the BOP's initial motion because the BOP had failed to justify most of its withholdings of documents and to provide adequate descriptions of its search for records responsive to plaintiff's many and varied requests. *See* Memorandum Opinion ("Mem.Op.I") at 4–18. In support of the current motion, the BOP offers the Declaration of Henry J. Sadowski ("Sadowski Decl.") and a new *Vaughn* index.[2] Applying the standard for reviewing summary judgment motions and the law set forth in the Court's earlier Memorandum Opinion, the Court will address the BOP's justifications for withholding information under the FOIA and then will address its most recent search for responsive records.

## I. ANALYSIS

### A. Motion to Strike

As an initial matter, plaintiff moves pursuant to Fed.R.Civ.P. 12(f) to strike what he claims to be new defenses to certain counts of his amended complaint. Motion and Memorandum in Support Pursuant to F.R.Cv.P. 12(f) With Respect to Counts 12, 31, 34, 43 and 44 to Strike New Defenses as Insufficient, Redundant, Immaterial, Impertinent, or Scandalous.

Plaintiff asserts that the BOP should not be permitted to invoke exemptions not previously asserted. Plaintiff relies on a ruling by the United States Court of Appeals for the District of Columbia Circuit that admonishes the government to assert all exemptions upon which it is relying "at the same time in the original district court proceedings." *Smith v. United States Dep't of Justice*, 251 F.3d 1047, 1050 (D.C.Cir.2001) (citing *Maydak v. United States Dep't of Justice*, 218 F.3d 760, 764 (D.C.Cir.2000)). There, as in its *Maydak* opinion, however, the District of Columbia Circuit was contemplating whether to remand a case to the district court pursuant to its discretionary authority under 28 U.S.C. § 2106. Here, plaintiff has had ample opportunity to respond to the BOP's alleged new claims, which, in any event, are being asserted in "the original district court proceedings." The Court therefore will deny plaintiff's motion to strike.

### B. Withheld Records

For simplicity, the Court, as have the parties, will discuss the disputed withholdings as set forth in each count of the amended complaint.

Count 10—Plaintiff requests information pertaining to his placement in ambulatory restraints, an investigation conducted by the Special Investigative Supervisor ("SIS") of his alleged business activities, and "correspondence or conversations between the SIS and Lind–Waldock & Company." Memorandum in Opposition to the United States Department of Justice—Federal Bureau of Prisons' Motion for Summary Judgment and in Support of Plaintiff's Motion for Summary Judgment ("Pl.'s Mem.") at 14. The BOP invoked exemptions 7(C) and 7(E) to withhold por-

---

2. *See Vaughn v. Rosen*, 484 F.2d 820 (D.C.Cir. 1973), *cert. denied*, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974).

tions of documents "generated in response to an investigation regarding plaintiff and his use of another inmate's telephone account to commit a prohibited act. This investigation further revealed that plaintiff was providing false information to staff." *Vaughn* index at 1. This description satisfies exemption 7's threshold law enforcement purpose. *See* Mem Op. at 13–14.

The BOP asserts that the release of the redacted information could constitute an unwarranted invasion of the privacy of third parties (an inmate and a non-incarcerated individual), and could reveal BOP investigative techniques. *Vaughn* index at 1. Plaintiff does not dispute the BOP's assertion of exemption 7(C) as a proper basis to protect third-party identifying information. *See* Pl.'s Mem. at 14. Rather, he challenges the BOP's application of this exemption to vendors, Pl.'s Mem. at 14 (citing Sadowski Decl. ¶ 33), but the BOP does not identify the non-incarcerated individual as a vendor.[3]

 Plaintiff also challenges the BOP's application of exemption 7(E). Exemption 7(E) protects from disclosure law enforcement records that "would disclose techniques and procedures for law enforcement investigation ... or would disclose guidelines for law enforcement investigations ... if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E). The BOP avers that it applied this exemption to protect "law enforcement techniques and procedures on how agencies investigate incidents that occur within a facility, including collection of escape information." Sadowski Decl. ¶ 42. It avers that the withheld information contains

> techniques that were used to detect that plaintiff was sending requests to securi-

ty agencies while claiming he was a staff member in order to obtain information regarding safety devices that are or were employed by the BOP.... The disclosure of this information would assist an inmate in correlating the use of a particular investigative technique with its corresponding effectiveness ... and consequently, could enable him to employ countermeasures to neutralize those [effective] techniques ...

*Id.* ¶ 41. Plaintiff surmises, without any supporting evidence, that the techniques are "well known to the inmates" and therefore are not protected. Pl.'s Mem. at 15. Plaintiff has therefore failed to raise a genuine issue of material fact regarding the BOP's proper justification for withholding information under exemption 7(E). Accordingly, the Court will grant the BOP's motion for summary judgment on count 10 and deny plaintiff's cross-motion for summary judgment on this count.

 Count 12—Plaintiff requests records pertaining to his "psychiatric/psychological" test. Pl.'s Mem. at 16. The BOP invoked exemptions (b)(2) and 7(F) to withhold four pages of information pertaining to a psychological test which plaintiff voluntarily agreed to have administered. *Id.* The BOP withheld the four pages in their entirety pursuant to a BOP policy "not to release psychological testing data to inmates... because the raw test data can only be appropriately interpreted by a licensed psychologist." *Vaughn* index at 1. Moreover, the BOP states that the information could be released to "plaintiff's psychologist." *Id.* An agency's duty to release information is not predicated on the identity of the requester or the purpose for the request. *United States Dep't of*

---

**3.** The *Vaughn* index references "b(7)(C)—1, 2." The coded format categorizes these subcategories as "[n]ames of non-inmate third parties" and "names of other inmates," respectively. Sadowski Decl. ¶ 21.

*Justice v. Reporters Committee for Freedom of the Press,* 489 U.S. 749, 771–72, 109 S.Ct. 1468, 103 L.Ed.2d 774 (1989). This is so because the FOIA "was designed to create a broad right of access to 'official information.'" *Id.* at 772, 109 S.Ct. 1468 (quoting *EPA v. Mink,* 410 U.S. 73, 80, 93 S.Ct. 827, 35 L.Ed.2d 119 (1973)). Thus, "[i]t is well-established that FOIA's statutory exemptions are to be narrowly construed." *Cowsen-El v. United States Department of Justice,* 826 F.Supp. 532, 534 (D.D.C.1992). Accordingly, if the information is not subject to protection under an exemption, it must be released.

■ Seeking to have the request fall under the asserted exemptions, the BOP states that the release of the information to an untrained individual could invalidate the test because the "individual could learn how to manipulate the test which would allow inmates who would need psychological services not receive them, which could cause the inmate to harm himself or others." *Vaughn* index at 1. This reasoning may have merit, but it is too speculative and not based upon competent evidence, *e.g.,* expert evidence, to pass muster under exemption 2, *see* Mem. Op. at 9–10, or under exemption 7(F).[4] Moreover, as to the latter exemption, the BOP has not satisfied exemption 7's threshold requirement by establishing that the psychological test was compiled for law enforcement purposes. *See* Mem. Op. I at 13. As the undisputed record evidence indicates, the plaintiff "asked to take the test." Pl.'s Mem. at 16 (citing Declaration of Keith Maydak ¶ 12). Thus, on this count, the Court will grant plaintiff's motion for summary judgment, deny the BOP's motion for summary judgment, and direct the release of the responsive records.

Counts 22 and 23—The BOP asserted exemption 7(C) to justify withholding portions of documents pertaining to accidents and injuries sustained in the recreation department at the Federal Correctional Institution in McKean, Pennsylvania (Count 22) and law library logs from the same institution (Count 23). *Vaughn* index at 2. Plaintiff argues correctly that the BOP has failed to satisfy exemption 7's threshold requirement by showing that the withheld information in the responsive records was maintained in a filing system compiled for law enforcement purposes. *See* Pl.'s Mem. at 18–20; *cf.* Mem. Op. I at 13–14. The BOP's motion as to these counts therefore is denied. The BOP is directed either to supplement the record or to release the documents in their entirety. Plaintiff's cross-motion for summary judgment therefore is denied without prejudice.

■ Count 31—The BOP asserts exemptions 2, 7(C) and 7(F) to justify withholding portions of records pertaining to plaintiff's placement in the special housing unit at the FCI in Ray Brook, New York. *See Vaughn* index at 3. The BOP claims that the information redacted under exemptions 2 and 7(F) was "for staff use and [ ] so trivial that it was not of any interest to the public," and pertained to "keys or security devices [ ] used in areas of the institution." *Id.* Plaintiff concedes the ba-

---

4. Exemption 7(F) protects from disclosure information that "could reasonably be expected to endanger the life or physical safety of any individual." 5 U.S.C. § 552(b)(7)(F) (2000). In general, this exemption has been interpreted to apply to names and identifying information of law enforcement officers, witnesses, confidential informants and other third persons who may be unknown to the requester. *See Durham v. United States Department of Justice,* 829 F.Supp. 428, 434 (D.D.C.1993); *Public Employees for Environmental Responsibility (Peer), Rocky Mountain Chapter v. U.S. E.P.A.,* 978 F.Supp. 955, 961 (D.Colo.1997) (citing cases).

sis of the latter withholding. *See* Pl.'s Mem. at 20–21. He challenges, however, the sufficiency of the BOP's description of "numerical data" as trivial, *id.* at 20, but he has proffered no evidence to raise a genuine issue of material fact on the claimed nature of the data, *e.g.,* internal administrative matters. *See* Mem. Op. I at 9. The Court finds that the BOP properly justified redacting such information under exemption 2, and therefore will not reach the propriety of the BOP's invocation of exemption 7(F) to the same information.

The BOP invokes exemption 7(C) "to protect [the identities of] inmates, staff and other visiting officials." *Vaughn* index at 3. Plaintiff asserts that the BOP "does not state that it only redacted the names of third parties . . . ." Pl.'s Mem. at 21. The *Vaughn* index references categories (7)(C) –1 and—2 of the BOP's coded format set forth in the Sadowski declaration at paragraph 21. The information redacted under these categories of exemptions is described as non-inmate third-party names. Sadowski Decl. ¶ 21. Plaintiff has not proffered the redacted pages to support his suggestion that the BOP withheld additional information. He therefore has not created a genuine issue of material fact on this claim. Accordingly, on this count, the Court will grant the BOP's motion for summary judgment and deny plaintiff's cross-motion for summary judgment.

■ Count 32—Plaintiff requests "a copy of all mail matter that was sent from or to plaintiff and copied by staff at the FCI in Ray Brook, New York." *Vaughn* index at 4. The *Vaughn* index shows that the BOP released three pages in their entirety and appears to have withheld eleven pages in their entirety under exemptions 5, 7(E) and 7(F). *Id.* Plaintiff challenges the BOP's invocation of these exemptions. *See* Pl.'s Mem. at 21–22.

The Sadowski declaration does not discuss the BOP's response to this request; thus, the Court can rely only on the *Vaughn* index. The *Vaughn* index does not describe the responsive documents, but if they are, as plaintiff asserts, mail addressed to or from plaintiff, the Court cannot discern how exemption 5 protects these records. By its terms, exemption 5 protects from disclosure "inter-agency or intra-agency memorandums or letters." 5 U.S.C. § 552(b)(5) (2000); *see also* Mem. Op. I at 10–12; *Wilderness Soc'y v. United States Dep't of Interior,* 344 F.Supp.2d 1, 10 (D.D.C.2004) (quoting *Dep't of Interior v. Klamath Water Users Protective Ass'n,* 532 U.S. 1, 8, 121 S.Ct. 1060, 149 L.Ed.2d 87 (2001)) (the deliberative process privilege protects from disclosure " 'documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated' ") (other citation omitted). The BOP has not provided any details from which the Court may determine the propriety of its response to this request. At best, plaintiff has raised a triable issue of fact. The Court will therefore deny both parties' motions for summary judgment, and will direct the BOP to supplement the record on this count, addressing whether any of the documents qualify as "inter-agency or intra-agency memorandums or letters," 5 U.S.C. § 552(b)(5), and, if so, whether they contain segregable information.

■ Count 34—Plaintiff requests a list of staff names and titles for all staff at the FCI in Ray Brook, New York. *Vaughn* index at 4. The BOP eventually released a list with the names redacted. *Id* at 5. It withheld the names under exemptions 2 and 7(F), citing BOP policy. Although the BOP "release[s] staff names and their titles and salaries to the general public . . .," *Vaughn* index at 4, it states that on May

24, 1999, it "made a change in policy regarding release of lists of staff names at all Medium, Maximum and Administrative Facilities," and "no longer release[s] [such information] to inmates that are housed in the above-referenced facilities." *Id.* As observed above, an agency cannot base its disclosure decisions on the identity of the requester or the purpose of the request. In any event, the BOP has not established the threshold requirement for redacting the names under either exemption 2 or exemption 7. It has not shown that the names "relate[ ] solely to the internal personnel rules and practices of an agency," 5 U.S.C. § 552(b)(2), nor has it shown that the names are contained in "records ... compiled for law enforcement purposes," 5 U.S.C. § 552(b)(7). *See* Mem. Op. I at 9, 13. The BOP's motion for summary judgment on this count is denied. In light of the BOP's admission that but for the requester the names would be subject to disclosure, *Vaughn* index at 4, the Court finds that no genuine issue of material fact is presented with respect to this disclosure requirement and, therefore, will grant summary judgment to plaintiff on this count.[5]

Count 37—Although plaintiff lists this count as disputed, the BOP has not addressed it. Perhaps this is because this count was not listed in the Court's prior Memorandum Opinion as outstanding and plaintiff did not seek reconsideration to correct the omission. The issue pertaining to the adequacy of the search nonetheless has been preserved. *See* Plaintiff's Motion for Summary Judgment on Count XXXVII [Dkt. # 118]; Order of March 24, 2003 (denying the BOP's motion for partial summary judgment on all claims except

the claim arising from the withholding of internal codes under exemption 2). The Court is unable to find on the record before it that plaintiff is entitled to judgment as a matter of law and, therefore, will deny plaintiff's motion for summary judgment on this count without prejudice. Thus, plaintiff may renew his motion on this count after the BOP has the opportunity to address the issue of whether the BOP conducted an adequate search for all responsive records as to the information requested in this count. *See* Amended Complaint at ¶¶ 242–248 (acknowledging the BOP's release of seventeen pages in their entirety).

■ Count 39—Plaintiff requests information regarding any alleged or actual sexual assaults at the United States Penitentiary in Lewisburg, Pennsylvania from 1995 to the present. *Vaughn* index at 5. The BOP withheld 20 pages of records under exemptions 7(C), 7(D), and 7(F). Contrary to plaintiff's argument, *see* Pl.'s Mem. at 26, the Court finds that the BOP properly justified withholding the responsive records in their entirety under exemption 7(D). There is no dispute that the records satisfy exemption 7's threshold requirement inasmuch as they relate to criminal activity. The BOP withheld in their entirety 20 pages of information, located in the Special Investigative Supervisor (SIS) Department, that it avers was provided "with an expectation of confidentiality" to staff concerning an assault on an inmate by another inmate. Sadowski Decl. ¶ 39; *Vaughn* index at 5. "Whether informants [or other sources of information] ... may be presumed to have disclosed information ... under an expectation of confidentiality must surely depend on both the nature of

---

5. The Court is troubled by this release, particularly in light of plaintiff's apparent status as a fugitive fighting extradition from Canada. *See* Sadowski Decl. ¶ 28; Maydak Decl. ¶ 39. Under the broad disclosure requirements of the FOIA, however, the Court has no choice but to direct the release of the names.

the disclosure and ... their relationship with the subjects of the investigation." *Quinon v. Federal Bureau of Investigation*, 86 F.3d at 1231–32. Although the BOP does not specifically aver that the information was provided on an express grant of confidentiality, surely it is reasonable to conclude that an individual providing confidential information about an inmate-on-inmate sexual assault at a prison was speaking only on either an express or an implied grant of confidentiality. *See* Sadowski Decl. ¶¶ 38–39; *cf.* Mem. Op. I at 22–24. Because the BOP properly applied exemption 7(D), the Court need not discuss the application of exemptions 7(C) and 7(F). It nonetheless finds their application justified. *See* Sadowski Decl. ¶¶ 34, 36, 43, 46. On this count, the BOP's motion for summary judgment is granted and plaintiff's motion for summary judgment is denied.

Count 43—Plaintiff requests records pertaining to his transfer from the FCI in Ray Brook, New York, to the United States Penitentiary in Lewisburg, Pennsylvania ("USP Lewisburg"). *Vaughn* index at 5. The issues presented in this count appear to involve some of the same information withheld under count 32 and of which the Court finds the descriptions to be similarly vague. The Court therefore will deny both parties' motions for summary judgment for the reasons discussed as to count 32, and, as there, will direct the BOP to supplement the record on this count, addressing whether any of the documents qualify as "inter-agency or intra-agency memorandums or letters," 5 U.S.C. § 552(b)(5), and, if so, whether they contain segregable information.

▆▆▆ Count 44—Plaintiff requests records pertaining to various aspects of the recreation department at the FCI in McKean, Pennsylvania. *See Vaughn* index at 6. Forty-three documents responsive to this request were discovered and it appears that some were released to plaintiff in their entirety while others were released after being redacted pursuant to exemptions 2, 6, 7(C), and 7(F). The BOP properly justified redacting accounting numbers from purchase orders under exemption 2 because such information, similar to code numbers, is used for internal purposes and has no significant public interest. *See* Mem. Op. I at 9–10. The BOP invokes exemption 6 to justify redacting vendor addresses "and other personal information regarding the day to day business with the Federal Bureau of Prisons." Sadowski Decl. ¶ 30. It asserts that disclosure could violate the individuals' privacy interests but also "could subject these businesses to more harassment and possible fraud." *Id.* However, "exemption 6 is applicable only to individuals." *Sims v. CIA,* 642 F.2d 562, 572 n. 47 (D.C.Cir.1980) (citing *Nat'l Parks and Conservation Ass'n v. Kleppe,* 547 F.2d 673, 685 n. 44 (D.C.Cir.1976); *Robertson v. Dep't of Defense,* 402 F.Supp. 1342, 1348 (D.D.C. 1975)). Plaintiff has therefore raised a genuine issue of material fact with respect to the BOP's redaction of the vendors' identifying information under exemption 6. *See* Pl.'s Mem. at 32. The BOP's motion as to this exemption is therefore denied.

The BOP also invokes exemption 7 as grounds for withholding the information, but it has not first demonstrated that the responsive records were maintained in files compiled for law enforcement purposes. *See* Mem. Op. I at 13–14. The BOP's motion as to this exemption is therefore denied.

As to this count, the Court will grant the BOP's motion for summary judgment based on its invocation of exemption 2 to the redacted accounting numbers, and will deny its motion based on the remaining exemptions. The Court also finds that

plaintiff is not entitled to judgment as a matter of law on this count and, therefore, will deny plaintiff's cross-motion for summary judgment. The BOP is directed to supplement the record with respect to its invocation of exemptions 6 and 7 to the information pertaining to vendors.

 Count 46—Plaintiff requests records pertaining to how many low and minimum custody inmates are housed at USP Lewisburg. *Vaughn* index at 6. The BOP released "[t]wo pages of inmate rosters" with the names, register numbers, and "units these inmates were housed" redacted pursuant to exemption 7(C). *Id.* Plaintiff challenges the BOP's redaction of the housing units, asserting that "[t]his information is so general that it could not be used to identify the person." Pl.'s Mem. at 32. Moreover, plaintiff avers that "[m]any inmates reside in the units, and no-one could identify an inmate by knowing only their housing unit." *Id.* (citing Declaration of Keith Maydak ¶ 60). The BOP nonetheless asserts, without further explanation, that "plaintiff could have used this information in an attempt to identify these inmates." *Id* at 6–7. The BOP has not proffered any evidence to refute plaintiff's reasonable argument to the contrary. On this count, the Court will therefore grant summary judgment to plaintiff as to the release of the housing unit information, which the Court understands to be the housing units as designated by letter and the segregation unit, *see* Maydak Decl. ¶ 60, and will grant summary judgment to the BOP regarding its redaction of the inmates' names and register numbers.

Count 49—It is undisputed that the BOP did not address this count in its renewed motion. *See* Defendants' Opposition to Plaintiff's Cross Motions for Summary Judgment and Reply to Plaintiffs' Oppositions at 1, n. 1; Pl.'s Mem. at 32–33. According to Mr. Sadowski, this count was to be addressed in a separate motion filed by the "Central Office for the BOP." Sadowski Decl. ¶ 3, but that does not appear to have occurred. *See* Motion for Summary Judgment Submitted by the Federal Bureau of Investigation and the Bureau of Prisons [Dkt. # 163] (addressing counts 16, 33, 35, 48). Plaintiff asserts that in regards to the request made in this count, the BOP had released three pages in full and 55 pages with redactions, but "did not justify its exemptions." Pl.'s Mem. at 33. The BOP has not refuted plaintiff's assertion that it has failed to satisfy its burden of justifying its redactions. Therefore, on this count, the Court will grant plaintiff's motion for summary judgment.

 Count 51—Plaintiff requests information pertaining to a photograph the BOP took of him on February 2, 2000. The BOP released the photograph, Pl.'s Mem. at 34, but, asserting exemptions 5 and 7(F), redacted the written information on it because it contained "conviction information [and] information that can be used to make future decisions regarding custody classification and housing." *Vaughn* index at 7. Plaintiff argues first that the conviction information is a matter of public record and, therefore, is not exempt from disclosure. *See* Pl.'s Mem. at 34. This argument is without merit because the fact that information may be in the public arena does not preclude an agency from asserting FOIA exemptions. *See Davis v. United States Department of Justice*, 968 F.2d 1276, 1281–82 (D.C.Cir.1992). Nonetheless, the BOP's position is flawed due to the fact that the information it seeks to protect from disclosure presumably is about plaintiff. By his request, plaintiff has consented to the release of this information. Moreover, the conviction information is factual information which generally does not qualify as deliberative process material protected from disclosure under

exemption 5. *See Martin v. Office of Special Counsel, Merit Systems Protection Board,* 819 F.2d 1181, 1187 (D.C.Cir.1987). The Court therefore will grant summary judgment to plaintiff and deny the BOP's motion on this aspect of this count, and order the release of the conviction information.

■ The BOP asserts that the remaining redactions, presumably non-conviction information, are protected under exemption 5 by the deliberative process privilege inasmuch as they were "generated as part of [ ] a continuing process … [in making] decisions regarding [plaintiff's] placement, security level and classification." Sadowski Decl. ¶ 28. The BOP properly redacted such information. *See* Mem. Op. I at 10–11; *Wilderness Soc'y,* 344 F.Supp.2d at 10–16 (quoting *NLRB v. Sears, Roebuck & Co.,* 421 U.S. 132, 153 n. 18, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975)) (recognizing that as part of the deliberative process agencies may engage in a continuing process of decision-making that may not "ripen into agency decision"). Accordingly, the Court will grant summary judgment to the BOP on its exemption 5 claim and deny plaintiff's motion for summary judgment on this aspect of count 51.

Count 52—Plaintiff requests records pertaining to the Special Housing Unit at USP Lewisburg. The BOP represents that it has now released all responsive records that were discovered in their entirety. This count therefore will be dismissed as moot.

*C. Adequacy of the Searches*

■ Currently, plaintiff challenges the BOP's searches for responsive records with respect to counts 12, 14, 22, 23, 28, 31, 37, 43, 44, 47, 49, 50, 52 and 53.[6] *See* Pl.'s Mem. at 6–12. The BOP has identified the individuals who conducted the searches but has not proffered their declarations explaining their searches. Nor does the Sadowski declaration shed any light on the details the Court previously found wanting. *See* Mem. Op. I at 15–16. Specifically, the record provides no information about the *search terms* and the specific *files searched* for each request. Moreover, no one avers, and the record does not otherwise permit the inference that all files likely to contain responsive records were searched. The BOP's motion with respect to the disputed searches therefore is denied. The Court also finds that plaintiff is not entitled to judgment as a matter of law and therefore will also deny plaintiff's motion for summary judgment on the issues surrounding the BOP's searches. The BOP is directed to supplement the record with respect to its searches regarding counts 12, 22, 23, 28, 31, 37, 49, 50, 52, and 53.

## II. CONCLUSION

For the preceding reasons, the BOP's motion for summary judgment is granted in part and denied in part, and plaintiff's cross-motion for summary judgment is granted in part and denied in part. The Court grants summary judgment to the BOP on its claimed exemptions regarding counts 10, 31, and 39, and part of counts

---

6. The Court did not identify counts 14, 37, 43, 44, and 47 as search challenges, and plaintiff has omitted from his current challenge counts that the Court had previously included, namely, counts 32 (and duplicate 45), 35, 46, and 48. *See* Mem. Op. I at 15 (listing counts 12, 22, 23, 28, 31, 32 (and duplicate 45), 35, 46, 48, 49, 50, 52, and 53). Mr. Sadowski has an even different list of counts, the source of which is unknown. *See* Sadowski Decl. ¶ 10. With the exception of count 37, the Court determines that only those counts set forth in Mem. Op. I are before the Court for consideration. The Court further determines that plaintiff has abandoned the search issue with respect to counts 32, 35, 46 and 48.

44, 46, and 51. The Court grants summary judgment to plaintiff with respect to the claimed exemptions in counts 12, 34, and 49, and part of counts 46 and 51. The Court denies the parties' respective motions for summary judgment on the remaining counts, and with respect to the issues surrounding the adequacy of the BOP's search for responsive records.[7]

7. A separate Order accompanies this Memorandum Opinion.